9  449
9  529
37*  705
37*  707
9  449
36  515

[No. 1163.  Decided August 4, 1894.]

EDGAR MATSON, *by Andrew Matson, guardian ad litem,*
*Respondent,* v. THE PORT TOWNSEND SOUTHERN RAIL-
ROAD COMPANY, *Appellant.*

RAILROAD  COMPANY — RIGHT-OF-WAY — TITLE — INJURY TO TRES-
PASSER — EVIDENCE — NEGLIGENCE — NON-SUIT.

Under an agreement between a landowner and a railroad com-
pany whereby a strip of land for right-of-way was to be conveyed
to the railroad company in consideration of the payment of one
dollar and of the expenses incident to the execution of the deed, if
the company should construct and operate its road thereon within
a period of two years, the substantial part of the consideration is
the construction and operation of the road, and where the company,
has performed that part of the agreement, the equitable title passes
to the company, although the stipulated dollar and expenses may
not have been paid.

The finding of a jury that a child was not upon the right-of-way
of a railroad, when injured by a log falling from a car, must be set
aside when the testimony of the child showed that he was in a cer-
tain creek at the time of the injury, and the testimony of a compe-
tent engineer who had made accurate measurements of the locality,
showed that the place of the accident, including the creek in which
the plaintiff was when injured, were within the railroad right-of-
way.

The fact that a railroad company makes a practice of stopping
its trains for passengers, whenever signalled, does not amount to a
license for the occupancy of its right-of-way by those who are
neither passengers, nor connected with the operation of the road.

Where a child of tender years is injured through the negligence
of a railroad company's servants while trespassing without the
knowledge of the company upon its right-of-way, the company can-
not be held liable unless the negligence on its part is so gross as to
amount to wantonness.

The fact that a defendant goes into his defense of an action after
the denial of his motion for a non-suit, to which he was entitled at
the time the motion was interposed, operates as a waiver thereof
merely to the extent of allowing the plaintiff to benefit by any evi-
dence introduced by the defendant, or by himself in rebuttal, and,
where the plaintiff's case is not strengthened by such proofs, the
motion for a non-suit should be granted, when urged later.

*Appeal from Superior Court, Jefferson County.*

*Andrew F. Burleigh,* for appellant.

*F. C. Robertson,* and *R. W. Jennings* (*D. J. Crowley,* of counsel), for respondent.

The opinion of the court was delivered by

HOYT, J.—Plaintiff was a boy of about ten years of age. He was fishing in a creek near a bridge, or trestle, upon which the trains of the appellant crossed.    While thus engaged, a train consisting of logging cars loaded with logs, some flat cars and a passenger coach, came along, and just before it reached the creek crossing one of the logs fell from the train.    Upon seeing this, plaintiff attempted to run away from the vicinity of the bridge, and while he was so doing, the train having reached the crossing, another log fell therefrom and struck him, breaking his leg and inflicting other injuries.    To recover for the damages flowing therefrom this action was brought, and resulted in a judgment for the plaintiff, from which this appeal has been prosecuted.

The place where the accident happened was upon a portion of what had been the farm of the plaintiff's father, and was at a distance of about a quarter of a mile from his house.    In the course of the trial it became a contested question as to whether or not the appellant had a right-of-way across said farm, and if it did have, as to whether or not the plaintiff was within the limits thereof at the time the log struck him.    The undisputed facts showed that the father, his wife joining him, had made a contract with the railroad company by which, in consideration of the payment of one dollar, and of the expenses incident to the execution of the deed, it was agreed that a right-of-way one hundred feet in width across the premises should be conveyed to the appellant, if it should construct and oper-

ate its road across the same within a period of two years. It further appeared that Andrew Matson, the father, and his wife, had brought an action in the superior court, in which they alleged and sought to prove that the railroad company had not complied with its contract as to the time when said road should be constructed and operated. That upon the trial in that action the issue made upon this allegation was found against the plaintiffs, and a decree was entered therein to the effect that upon the payment of one dollar and the expenses incident to its execution the appellant should be entitled to a deed of warranty, conveying to it title to a right-of-way one hundred feet wide, being fifty feet on each side of the center of its track, across the premises of the plaintiffs.

It was contended on the part of the respondent that notwithstanding this decree the appellant had no title to the right-of-way for the reason that it had not paid said sum of one dollar, nor the expenses incident to the preparation of the deed. This contention might be sustained so far as the technical legal title was concerned, but no further. It is evident, from the language of the contract, and from the circumstances surrounding its execution, that the money to be paid was not a substantial part of the consideration for the right-of-way. The substantial consideration was the construction and operation of the railroad, and it having been found that this part of the consideration had been fully paid, the title had been substantially earned. This substantial title could not be defeated, or its possession thereunder disturbed or in any manner affected by the fact that the stipulated dollar had not been paid so as to entitle appellant to a conveyance of the legal title.

The question as to the location of the plaintiff at the time he was injured was one of fact, and the finding of the jury to the effect that he was more than fifty feet from the center line of the railroad track is conclusive upon this court

unless from the proofs it is made so clearly to appear that
it was within the boundaries that the finding to the con-
trary appears to have been from prejudice or mistake.
We have carefully examined all the proofs offered upon
the subject, and are forced to the conclusion that they so
clearly established the fact that he was within the bounda-
ries of the right-of-way that the finding of the jury to the
contrary must be disregarded.    There was no testimony
tending to show that he was without such boundaries, ex-
cepting some statements which amounted to little more than
guesses on the part of the witnesses, while it was made to
appear that he was within the boundaries by testimony of
the most satisfactory nature.    A person shown to be a com-
petent engineer testified to the fact that he had made actual
and accurate measurements, and from such measurements
had drawn a map showing the location of different objects
in the vicinity of the place of the accident, including the
creek in which the plaintiff was when injured.    The testi-
mony of the plaintiff had shown clearly that he was some-
where within this creek at the time the log struck him.
This map, prepared as above stated, showed conclusively
that no portion of the creek at the place of the injury was
at a greater distance from the center of the railroad track
than forty-five feet.    There was other testimony tending
to confirm the facts as shown by this map, among which
were the statements of some of plaintiff's own witnesses
as to their opinion of the distance from the center of the
track to the place where the injury was inflicted.    The
rights of the parties must, therefore, be determined in
view of the fact that the appellant had a right-of-way
across the premises, and that the plaintiff was within the
boundaries of such right-of-way at the time he was injured.

There was some proof offered for the purpose of show-
ing that notwithstanding this fact, the appellant had made
such use of its right-of-way as to authorize persons to come

upon it.    This testimony was only to the effect that it was
in the habit of stopping its trains for the purpose of allow-
ing passengers to get on or off, whenever signalled so to
do.    But it did not establish, or tend to establish, such a
course of dealing with its right-of-way on the part of the
appellant as to amount to a license for its occupancy by
others than those connected with the operation of the rail-
road.    But even if it did, such license could only extend
to those who came upon the right-of-way for the purpose
of getting upon the trains of the appellant, or those who,
having alighted from a train, were making use thereof for
the purpose of reaching their destination.    And as it is
not claimed that the plaintiff belonged to either of these
classes, he can get no benefit from the action of the rail-
road company in this regard.

It follows from what we have said that the plaintiff was
a trespasser upon the right-of-way of appellant at the time
he was injured.    The undisputed proofs showed that none
of those operating the railroad train had any reason to sus-
pect the presence of the plaintiff upon the right-of-way
until after the accident.    This being so, he can get no ben-
efit from the fact of his being of tender years, for while it
is true that the duty of the railroad company to a child,
upon discovering him upon its right-of-way would be dif-
ferent from what it would be in the case of an adult, yet
this obligation would not arise until it had notice of his
presence.    Until it had such notice it owed no duty to
him, even although he was of tender years.    The plaintiff
being a trespasser, and the injury having been committed
without any knowledge on the part of the appellant, or
any of its agents, of the fact of his presence in the vicinity,
the most that could be claimed in his behalf would be that
the company would be liable in case of such gross negli-
gence on its part as was equivalent to wantonness.    The
proof as to the circumstances surrounding the accident and

leading thereto entirely failed to establish any such degree of negligence. If the proof showed that the logs were loaded in the manner required by the custom prevailing among those engaged in the transportation of logs on cars propelled by steam power, the presumption of negligence, if any existed, would be overcome. All that is required of one engaged in the prosecution of any business, so far as his duty to the general public is concerned, is that he shall conduct it in as safe a manner as is customary among prudent men engaged in the transaction of like business.

But whether or not the proof tended to establish any degree of negligence, there was nothing to show such a degree as would make the company liable to one situated as was the plaintiff. It did not as clearly appear, at the time appellant interposed his motion for a non-suit, that the plaintiff was upon the right-of-way as it did later in the progress of the case, but we are of the opinion that at the time such motion was interposed the testimony was insufficient to sustain a verdict for the plaintiff, and that it should have been granted. And even although it should be held that by going into its defense the appellant waived such motion, such waiver would only go to the extent of allowing the plaintiff to benefit by any evidence introduced by the defendant, or by himself in rebuttal thereof, and as the plaintiff's case was in no manner strengthened by such proofs, the motion for a non-suit must be given force.

The judgment will be reversed, and the cause remanded with instructions to dismiss the action.

ANDERS and STILES, JJ., concur.

DUNBAR, C. J., concurs in the result.