[No. 18457.    Department Two.—November 29, 1895.]

JULIA E. KUMLE, Respondent, v. GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN OF CALIFORNIA, Appellant.

Mutual Benefit Society — Action upon Certificate — Compliance of Member with Rules—Good Standing—Evidence—Presumption—Burden of Proof.—In an action by the widow of a deceased member of a mutual benefit society, brought upon a certificate issued to such member, entitling him to participate in a specified sum in the beneficiary fund of the order, to be paid at his death to his wife, on condition that he shall, while a member of the order, comply with its rules and requirements, where issue is joined as to such compliance, the burden upon the plaintiff of proving that the deceased was a member of the order in good standing at the time of his death is sufficiently sustained by introducing the certificate of membership, which is evidence of his good standing when issued, and such good standing will be presumed to continue in the absence of proof to the contrary; and the burden devolves upon the society to rebut such presumption by showing the loss of such good standing, by failure to comply with the rules, or to pay required assessments.

Id.— Submission of Controversy — Arbitration — Appeal to Supreme Grand Lodge—Refusal to Pay—Jurisdiction of Court.—Where there is nothing in the certificate, or in the laws or regulations of the order, requiring a controversy between the widow of a deceased member, to whom the certificate is payable, to be submitted to the order for adjustment, or making its action thereon final, the fact that the widow presented the certificate and proofs of death to another member of the subordinate lodge, and that such member, upon refusal by the subordinate lodge to acknowledge the claim, requested the grand lodge to approve the claim, which it also refused to do, does not show a submission of the controversy in the sense of an arbitration; nor does the right given to a member to appeal to the supreme grand lodge affect the rights or obligations of the widow, who is not a member of the order; nor does the refusal of the order to pay the claim constitute a final adjudication thereof, or affect the jurisdiction of the superior court to enforce the claim.

New Trial—Statement—Verdict of Jury—Insufficiency of Evidence—Special Findings—Improper Specifications.—An allegation in a statement upon a motion for a new trial, under the head of "Insufficiency of the evidence to justify the verdict" as to what the evidence established, is insufficient as a specification of particulars, wherein the evidence is insufficient; nor can special findings of the jury be properly assailed by a general statement, under the head of "Errors of law occurring at the trial," that the verdict of the jury on each special issue "was error."

Appeal from a judgment of the Superior Court of Yuba County and from an order denying a new trial. E. A. Davis, Judge.

The facts are stated in the opinion.

*Eugene Deuprey*, and *C. A. Webb*, for Appellant.

The doctrine of waiver has no application to forfeiture of mere benefits in fraternal orders, but the membership ceases upon noncompliance with rules. (*Borgraefe* v. *Supreme Lodge*, 22 Mo. App. 127; *Rood* v. *Railway etc. Mut. Ben. Assn.*, 31 Fed. Rep. 62; *Hogins* v. *Supreme Council*, 76 Cal. 109; 9 Am. St. Rep. 173; *Lyon* v. *Supreme Assembly*, 153 Mass. 83.) By failing to exhaust the procedure in the order, through appeal from the decision in the grand lodge, plaintiff has no right to proceed in the courts. (*Toram* v. *Howard Ben. Assn.*, 4 Pa. St. 519; *Fritz* v. *Muck*, 62 How. Pr. 70; *Anacosta Tribe No. 12, I. O. R. M.*, v. *Murbach*, 13 Md. 91; *Osceola Tribe etc.* v. *Schmidt*, 57 Md. 98; *Hawkshaw* v. *Supreme Lodge Knights of Honor*, 29 Fed. Rep. 773; *McAlees* v. *Supreme Order Iron Hall*, 13 Atl. Rep. 755 (Pa., April 23, 1888); *Appeal of Sperry*, 116 Pa. St. 391; *Woolsley* v. *I. O. O. F.*, 61 Iowa, 492; *Harrison* v. *Hoyle*, 24 Ohio St. 254; *Black etc. Soc.* v. *Van Dyke*, 2 Whart. 309; 30 Am. Dec. 263; *Commonwealth* v. *Pike Ben. Soc.*, 8 Watts & S. 247.)

*W. H. Carlin*, and *Jacob Samuels*, for Respondent.

The production of the certificate of membership made a *prima facie* case for plaintiff, and the burden was upon the defendant to show noncompliance with the regulations. (*Knights of Honor* v. *Johnson*, 78 Ind. 110, 113; *Demings* v. *Knights of Pythias*, 14 N. Y. Supp. 834; *Tobin* v. *Western Mut. Aid Soc.*, 72 Iowa, 261; *Scheufler* v. *Grand Lodge etc.*, 45 Minn. 256; *Elmer* v. *Mutual Ben. Life Assn.*, 19 N. Y. Supp. 289.) The rules of the order only apply to members, and not to beneficiaries who are not members. (*Strasser* v. *Staats*, 59 Hun, 143; *Buekofzer* v. *Grand Lodge*, 61 Hun, 625; *Dobson* v. *Hall*, 11 Pa. Co. Ct. Rep. 532.) Appellant's specifications are insufficient to authorize a review of the evidence. (Code Civ. Proc., sec. 659; *Eddelbuttel* v. *Durrell*, 55 Cal. 277; *Menk* v. *Home*

*Ins. Co.,* 76 Cal. 50; 9 Am. St. Rep. 158; *Knott* v. *Peden,* 84 Cal. 299; *Spotts* v. *Hanley,* 85 Cal. 155; *Baird* v. *Peall,* 92 Cal. 235; *Dawson* v. *Schloss,* 93 Cal. 195; Hayne on New Trial and Appeal, 428, 432, 698; *Alhambra etc. Water Co.* v. *Richardson,* 72 Cal. 598, 601.) Special findings cannot be assailed as error of law. (*Smith* v. *Christian,* 47 Cal. 18; *Shepherd* v. *Jones,* 71 Cal. 223, 225; *Heilbron* v. *Centerville etc. Ditch Co.,* 76 Cal. 8, 10.)

SEARLS, C.—Appeal from a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial.

The action is brought by Julia E. Kumle to recover two thousand dollars as the beneficiary named in a certain beneficiary certificate issued by the defendant corporation to Peter Kumle, on the fourteenth day of November, 1870, in the words and figures following:

"Grand Lodge, Ancient Order of United Workmen of California.

"No. 8,007.                                 $2,000.

"This certificate, issued by the authority of the Supreme Lodge of the Ancient Order of United Workmen, *witnesseth:*

"That brother Peter Kumle, a Master Workman Degree member of Sharon Lodge No. 142, of said order, located at Brownsville, in the state of California, is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen, and to participate in the beneficiary fund of the order to the amount of $2,000, which sum shall, at his death, be paid to his wife, Mrs. Julia E. Kumle. This certificate is issued upon the express condition that said Peter Kumle shall, in every particular, while a member of said order, comply with all the laws, rules, and requirements thereof.

"*In witness whereof,* the Grand Lodge of California has caused this to be signed by its Grand Master Workman and Recorder, and the seal thereof to be attached

this 14th day of November, one thousand eight hundred and seventy-nine.

"Attest: H. G. Pratt, Grand Recorder.

"William H. Jordan,

"Grand Master Workman.

"(Seal of the Grand Lodge.)

"We, the undersigned, Master Workman and Recorder of Sharon Lodge No. 142, do hereby countersign this certificate and attach the seal of this lodge hereto, rendering the same valid and in full force, this 29th day of November, 1879.

"A. J. Hankin,

"Master Workman.

"Attest: F. P. Thurman, Recorder.

"(Seal of Subordinate Sharon Lodge, No. 142.)"

The complaint may be said to be in the usual form in such cases. It contains a copy of the foregoing certificate, and among other allegations, avers the acceptance of the certificate by Peter Kumle; that he in every particular complied with all the laws, rules, and requirements of the Ancient Order of United Workmen; that he, up to the time of his death, which occurred December 4, 1891, contributed to the funds of the order as required by the laws and rules thereof, and had, at the time of his death, duly performed all the conditions on his part to be performed in relation to said beneficiary certificate, and in relation to the payment thereto, to entitle the beneficiary named therein to have and recover two thousand dollars, as in said certificate set forth, etc.

The answer specified the objects of the corporation defendant; admitted the membership and issuance of the certificate to Kumle, but denied that he continued to be or was such member at the date of his death, or that he complied with the laws and regulations of defendant, and averred his suspension from the order for nonpayment of assessments more than six months before his death; set forth portions of the constitution of

the order providing for suspension for nonpayment of assessments, etc.

At the trial the plaintiff introduced in evidence the foregoing certificate, proved that plaintiff was the wife of Peter Kumle during his lifetime and the person named in the certificate as the beneficiary, that Peter Kumle died December 4, 1891, and that no portion of the two thousand dollars mentioned in the certificate had been paid, and thereupon rested her case.

Counsel for defendant moved for a nonsuit upon the grounds that plaintiff had failed to support the allegations of her complaint, or to show that the provisions of the certificate had been complied with by Peter Kumle, to whom the certificate issued, and that the proofs failed to support the allegations of the complaint upon which the right to recover was based.

The court overruled the motion, to which ruling counsel for defendant excepted, and the action of the court is assigned as error.

The question involved in appellant's motion, broadly stated, is this:

Was the burden of proof cast upon plaintiff to show that, under the certificate issued to him by the defendant, he had in every particular, while a member of the order, complied with *all the laws, rules, and requirements* thereof, as provided in said certificate, and, if so, was the proof sufficient to support the allegations in this behalf?

The complaint avers in general terms such compliance. The answer denies such compliance, and avers that Kumle had failed to pay his assessments; that on March 29, 1891, he was suspended for the nonpayment of assessments for the month of March, 1891, and had not, up to the time of his death, been restored to membership, and was not at the date of his death a member of the order.

The whole question is in a nutshell. The plaintiff's right of recovery being dependent upon the fact that

the deceased was a member in good standing at the time of his death, and such fact being denied by the answer, the burden of proof to establish it is on the plaintiff. (*Siebert* v. *Chosen Friends*, 23 Mo. App. 268.)

But the issuing of a certificate of membership by a mutual benefit society is evidence of the holder's good standing in the order when it issued, and such good standing will be presumed to continue, unless there is legitimate proof that it no longer exists, and to rebut such presumption it devolves upon the defendant (in the absence of proof thereof by plaintiff) to show the loss of such good standing. (*Independent Order of Foresters* v. *Zak*, 136 Ill. 185; 29 Am. St. Rep. 318; *Stewart* v. *Supreme Council American Legion of Honor*, 36 Mo. App. 319; *Mulroy* v. *Knights of Honor*, 28 Mo. App. 463; *Supreme Lodge* v. *Johnson*, 78 Ind. 110; *Mills* v. *Rebstock*, 29 Minn. 380; *Elmer* v. *Association*, 19 N. Y. Supp. 289.)

In *Stewart* v. *Supreme Council American Legion of Honor, supra,* the court, in affirming the action of the court below in denying a nonsuit, said: "We think the court did not err in refusing to nonsuit the plaintiff. The plaintiff made out a *prima facie* case by offering the benefit certificate, which recites that Hugh Stewart is a member in good standing, and that she offered to make proof of his death to the defendant, which the defendant refused to receive. The *status* of the member once fixed is presumed to continue."

"In an action upon a life insurance policy, although the answers in the application are warranties, the burden of proof is on the defendant to show the falsity of any such answers, in accordance with the general rule that the law does not require a party to prove a negative." (Bacon on Benefit and Insurance Societies, sec. 469; *Piedmont etc. Ins. Co.* v. *Ewing*, 92 U. S. 377; *Insurance Co.* v. *Gridley*, 100 U. S. 614.)

The burden of establishing the failure to pay assessments is upon the defendant. (*Tobin* v. *Western etc. Soc.*, 72 Iowa, 261; *Spencer* v. *Citizens' Mut. etc. Ins. Co.*, 142 N. Y. 505; Black on Benefit and Insurance Socie-

ties, sec. 454, and cases there cited.)    The motion for a nonsuit was properly denied.

2. Appellant claims that the court had no jurisdiction to hear and determine this cause, for the reason that the claim of plaintiff was submitted to the grand lodge of California, which decided against the validity of the claim, and no appeal was taken therefrom to the " supreme lodge."

The contention is that plaintiff, " having failed to exhaust such procedure and take such appeal, she waived the right to appeal, and also any right to proceed in the courts of the land, as against the tribunal of the order."

I fail to observe anything in the record which brings the plaintiff within the rules of law invoked by appellant.

1. There is nothing in the certificate, constitution, laws, or regulations of the order, so far as the records show, requiring differences of the character involved in the present controversy to be submitted to the order for adjustment, or, if submitted, making its action final.

2. There was no submission of the controversy in the sense of an arbitration.

The "Ancient Order of United Workmen " is a fraternal, charitable, beneficial, and benevolent order, and is governed by a supreme lodge, and, in this state, by the " Grand Lodge of Ancient Order of United Workmen of California," and by subordinate lodges.

The grand lodge of California has exclusive original jurisdiction over all subordinate lodges, subject to the provisions of the supreme lodge constitution, and right of appeal.

The grand lodge, by its constitution, " guarantees to each member of the order of the W. (Workmen) degree (to be paid to such person or persons as said member may have directed while living) the sum of two thousand dollars, provided said member shall have complied in all particulars with all the laws, regulations, and requirements of the order."

It issues all certificates, which are to be countersigned,

by the master workman of the subordinate lodge of which the recipient is a member, with the seal of the subordinate lodge attached, etc.

Peter Kumle was a member of one of these subordinate lodges, viz., of Sharon Lodge, No. 142, situate at Brown's Valley in the county of Yuba, and, as such member, received in due form the certificate hereinbefore set forth.

The constitution of subordinate lodges provides, in reference to appeals therefrom, that "Any member considering that injustice has been done by the decision of the lodge may, within one month thereafter, appeal in writing to the G. M. W. of (or) grand lodge if in session," etc.

This right of appeal is given to members only, and cannot apply to the plaintiff who was not a member.

What she did in fact do was to present her papers and proofs of death to one Meek, who was a member of the order, to submit them for her to the grand lodge, and to secure and demand from it the payment of the two thousand dollars.

Meek filed a written request that the grand lodge would consider the matter, giving reasons therefor, and showing that the subordinate lodge had refused to acknowledge the claim.

The grand lodge appointed a committee, which reported against payment, and its report was approved.

The privilege of an appeal from the grand lodge is given as follows: "Any member of the grand lodge, or any party to an appeal determined by the grand lodge, may appeal to the supreme lodge from the decision of such grand lodge."

As plaintiff was not and could not be a party to an appeal determined by the grand lodge, and was not a member thereof, she could not appeal therefrom to the supreme lodge.

In all this, and in the absence of some rule or law of the order in view of which the contract might be supposed to have been made, I observe nothing to differ-

entiate the application of plaintiff to defendant for the payment of her demand from the ordinary demand of payment by a creditor from his debtor. The alleged debtor, being a corporation, in its refusal to pay acted through the channel or medium usually provided for reaching a conclusion in similar cases.

"An association cannot, by its constitution or by-laws, confer judicial powers upon its officers or committees so as to enable such officers or committee (without voluntary submission to their authority on the part of lodges or members) to adjudge a forfeiture of property rights, or to deprive lodges or members of their property, or to arbitrarily take property away from one set of members and give it to another set. This is on the ground that the creation of judicial tribunals is one of the functions of sovereign power and because to allow such powers to be conferred would be contrary to public policy, just as agreements to refer future controversies to arbitration cannot be enforced.

"An adjudication of these officers, or committees, which has this effect of forfeiture of property, or property rights, is not good either as an award or as a judgment." (Bacon on Benefit and Insurance Societies, sec. 123, and cases there cited.)

It must not be understood from the foregoing quotation that grand lodges may not by their laws regulate the internal polity of the lodges under their jurisdiction, or that subordinate lodges may not by their regulations provide when, how, and under what circumstances membership and consequent rights and privileges may be obtained and lost.

The question of the extent to which such regulations may reach, and of the power of the associations to make their determination thereof final, involves considerations upon which there is a wide divergence of opinion as expressed in the reported cases.

We are not concerned with that question, for the reason that in the present case the defendant has not attempted by its laws to make its action either exclusive

or final, and upon the money demand of the plaintiff, growing out of a contract with the defendant, we have no doubt but that the superior court of Yuba county had jurisdiction.

Defendant's notice of motion for a new trial stated as one of the grounds of the motion "Insufficiency of the evidence to justify the verdict, and that it is against law."

The statement on motion for new trial contains no such specification of the insufficiency of the evidence as will warrant us in an examination of the question.    Section 659 of the Code of Civil Procedure provides that "when the notice of the motion designates, as the ground of the motion, the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient."

There is not, in fact, any specification in the statement of the particulars in which the evidence is alleged to be insufficient.

In the assignment of errors, and under the head of "Insufficiency of the evidence to justify the verdict," there is a statement consisting of four paragraphs, in which the attorney sets forth his views of the result of the testimony.    We quote the first paragraph as fairly illustrative of the whole.    It is as follows:

"The evidence conclusively established that Peter Kumle was, by operation of law of the order and binding upon him, suspended from the subordinate lodge, Sharon, No. 142, A. O. U. W., and from all of the benefits and privileges of the Ancient Order United Workmen, California, March 28, 1891.    Also, that said Peter Kumle was not at any time reinstated or his beneficiary certificate renewed under the laws of the order after March 28, 1891.    Furthermore, the proof positively determined the fact that Peter Kumle was not in the order, A. O. U. W., California, either in good standing or at all, when he died, December 4, 1891, and that all rights and privileges that he may ever have had were

long previously forfeited and waived by his own acts, and that his beneficiary certificate stood avoided and of no effect."

This question was fully considered in the late case of *Dawson* v. *Schloss*, 93 Cal. 194, and the opinion in that case is so full and explicit that nothing need be added here to show the defects in the present statement. (See, also, *Baird* v. *Peall*, 92 Cal. 235; *Menk* v. *Home Ins. Co.*, 76 Cal. 50; 9 Am. St. Rep. 158; *Eddelbuttel* v. *Durrell*, 55 Cal. 277; *Spotts* v. *Hanley*, 85 Cal. 155; *Parker* v. *Reay*, 76 Cal. 103.)

In this case there was, in addition to the general verdict, special findings by the jury upon twenty-three special issues submitted to them, which findings are objected to in the following manner: Under the head of " Errors of law occurring at the trial and excepted to by the defendant" is the following: " The verdict on special issue 1 was error," and the same statement is made as to each of the findings upon the other twenty-two issues.

These special findings, which are in themselves amply sufficient to support the judgment, stand without valid objection. The other objections urged do not call for special mention. There are a few errors of law assigned, based upon the admission and rejection of evidence, but, as they are not urged by appellant, we need not comment upon them.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.