CAIN, RESPONDENT, *v.* GOLD MOUNTAIN MINING COMPANY, APPELLANT.

(No. 1,500.)

(Submitted March 20, 1903.   Decided March 27, 1903.)

*Appeal—Insufficiency of Evidence. — Sufficiency of Specifications — Taking Case from Jury — Motion to Nonsuit— Waiver.*

1. Code of Civil Procedure, Section 1173,, provides, *inter alia,* that, when the notice of motion for a new trial designates as the ground the insufficiency of the evidence, the statement shall specify the particulars in which such evidence is insufficient, otherwise the statement shall be disregarded. *Held,* that under a specification of the insufficiency of the evidence to support the verdict, the supreme court will not consider what the evidence does show, but only what it does not show, and a specification that the evidence is insufficient because it conclusively shows contributory negligence, etc., will be disregarded.

2. A motion for nonsuit is not waived by the moving party putting in evidence after the motion has been overruled, but he assumes the risk of supplying any deficiency in the other party's case by the testimony of his own witnesses.

3. Upon a motion for a nonsuit, everything will be deemed to be proved which the evidence tends to prove.

4. No case should be taken from the jury unless it appears as matter of law that no recovery can be had on any view which can reasonably be drawn from the facts which the evidence tends to establish.

*Appeal from District Court, Jefferson County; M. H. Parker, Judge.*

ACTION for personal injuries by Thomas Cain against the Gold Mountain Mining Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

*Mr. Jesse B. Roote,* and *Mr. William A. Clark, Jr.,* for Appellant.

*Mr. Richard B. Shepard* was on their brief.

When the facts are undisputed the effect of the testimony is a question of law, unless reasonable men might fairly draw different conclusions from the testimony. (*Olsen* v. *Ry. Co.,* 9 Utah, 129; *Bunnel* v. *Ry. Co.,* 44 Pac. Rep. 927.)

When the evidence is undisputed or is of such conclusive character that the court in the exercise of a sound, judicial discretion would be compelled to set aside a verdict returned in opposition to it, the court should withdraw the case from the jury. (*Anderson* v. *Beal,* 113 U. S. 227-241; *Scofield* v. *Ry. Co.,* 114 U. S. 615; *R. R. Co.* v. *Converse,* 139 U. S. 469-472; *Elliott* v. *Ry. Co.,* 150 U. S. 245; *Ry. Co.* v. *McDonald,* 152 U. S. 262-282; *Victor Coal Co.* v. *Muir,* 20 Colo. 320-331.)

Where the facts are undisputed and but one reasonable inference can be drawn therefrom, whether there was contributory negligence on the part of the plaintiff, is a question of law for the court. (*Butte* v. *P. V. Coal Co.,* 47 Pac. Rep. 77; *Wormell* v. *Ry. Co.,* 79 Me. 397; *Schepers* v. *Union Depot R. Co.,* 126 Mo. 665; *Hilsenbeck* v. *Guhring* (N. Y.), 30 N. E. Rep. 580; *Apsey* v. *Railroad Co.* (Mich.), 47 N. W. Rep. 513; *Naylor* v. *Railway Co.,* 53 Wis. 661.)

Where plaintiff's own evidence shows contributory negligence, a nonsuit should be granted. (*Butte* v. *P. V. Coal Co.,* 47 Pac. 77; *Hott* v. *Peters,* 55 Wis. 405; *Hoyt* v. *City of Hudson,* 41 Wis. 105.)

If the evidence introduced by the plaintiff establishes the

defense of contributory negligence the motion for a nonsuit should be granted. (*McQuilken* v. *C. P. R. R. Co.,* 50 Cal. S.)

Plaintiff knowing, as shown by the undisputed evidence, the dangerous position one would be placed in in entering the tunnel, then when he voluntarily entered it, he assumed the risks arising from his position and condition, and the court should have granted defendant's motion for a nonsuit. (*Bunt* v. *Mining Co.,* 11 Sawyer, 178; *Bunt* v. *Mining Co.,* 138 U. S. 483; *Cook* v. *Mining Co.,* 12 Utah, 57; *Kilroy* v. *Foss,* 161 Mass. 138; *Naylor* v. *Railway Co.,* 53 Wis. 661; *Victor Coal Co.* v. *Muir,* 20 Colo. 320.)

The rule at one time seemed to prevail that if there is a *scintilla* of evidence, the case must go to the jury, is now abandoned by nearly all the courts. If the court would set aside a verdict for plaintiff, a nonsuit should be granted. (*Connor* v. *Giles,* 76 Me. 132-134; *McQuilken* v. *C. P. R. R. Co.,* 50 Cal. 8.)

Where the facts are undisputed and but one reasonable inference can be drawn therefrom, whether there was contributory negligence on the part of plaintiff is a question of law for the court. (*Fowler* v. *P. V. Coal Co.,* 52 Pac. Rep. 594; *Kilroy* v. *Foss,* 161 Mass. 138; Section 1004 of the Code of Civil Procedure of Montana, and cases cited.)

Where the servant has equal knowledge with the master of the danger incident to the work, he takes the risk upon himself if he goes on with it. If a servant from any source has the same information that the master has he is bound to act on it. (Wood on Master and Servant, Secs 349 and 372; *Chicago & Alton R. R.* v. *Monroe,* 85 Ill. 25; *Mad River & L. E. R. R.* v. *Barber,* 5 Ohio St. 541; *McMillan* v. *Saratoga & W. R. R. Co.,* 20 Barb. 449; *Thayer* v. *St. Louis & C. R. R. Co.,* 22 Ind. 556; *Buzzell* v. *Laconia Mfg. Co.,* 48 Me. 113; *Crutchfield* v. *Richmond & D. R. R. Co.,* 78 N. C. 300.)

*Mr. T. J. Walsh,* for Respondent.

If it was error in the court to overrule the motion for nonsuit, that error was waived when the defendant proceeded with

the case, and it cannot now be reviewed. . (*Bogk* v. *Gassert*, 149 U. S. 17; *U. P. Co.* v. *Callaghan*, 161 U. S. 91; *Hansen* v. *Boyd*, 161 U. S. 397; *Lynch* v. *Johnson*, 67 N. W. 908; *Lake Shore* v. *Richards*, 152 Ills. 59; *Thompson* v. *Avery*, 39 Pac. 829; *Hobson* v. *Milk Co.*, 49 N. Y. S. 209; *Pollock* v. *Iron Works Co.*, 157 N. Y. 699; *Totten* v. *Burhans*, 61 N. W. 58; *Bowman* v. *Eppinger*, 44 N. W. 1000; *Illstad* v. *Anderson*, 49 N. W. 659.)

The case, viewed simply as involving the proposition as to whether the plaintiff is to be deemed conclusively to have known that a car could not pass a man in the tunnel, is analogous to that large class of cases in which railroad employes sue to recover for injuries sustained by coming in contact with structures too close to the railroad track. The duties of their position frequently require them to pass these places and repass them, and the question arises as to whether they are not to be deemed conclusively to know that the structures are too near and so near as to be dangerous. The modern rule is that except under the most extraordinary circumstances no conclusive presumption of knowledge can be indulged by the court. (*Potter* v. *Detroit*, 81 N. W. 80; *Wood* v. *Louisville*, 88 Fed. 44; *Southern Kansas Ry.* v. *Michaels*, 46 Pac. 938; *Valley Ry. Co. Keegan*, 87 Fed. 849; *New York* v. *Railroad Co.*, 41 N. E. 1037; *Whipple* v. *New York*, 35 At. 305; *Dorsey* v. *R. R. Co.*, 42 Wis. 598; *Murphy* v. *Wabash*, 21 S. W. 862; *Johnson* v. *Ry. Co.*, 44 N. W. 884; *Pidcock* v. *U. P. Ry. Co.*, 19 Pac. 193; *Sweet* v. *Ry. Co.*, 49 N. W. 882; *Johnstone* v. *Oregon*, 31 Pac. 283; *Boss* v. *N. P.*, 49 N. W. 655; *Kelleher* v. *Milwaukee Ry. Co.*, 50 N. W. 942; *Keist* v. *Ry. Co.*, 81 N. W. 181; *Voorhees* v. *L. S. & M. S. Ry. Co.*, 44 At. 335; *Galveston* v. *Ry. Co.*, 47 S. W. 1050; *Guthrie* v. *Louisville*, 47 Am. Rep. 286; *Kelley* v. *Fourth of July. Co.*, 16 Mont. 484.)

When a servant is put in imminent peril by the negligence of the master, he is not to be charged with contributory negligence by reason of the fact that he does not do the safest thing under the circumstances, or act with the same degree of prudence that he would under conditions permitting greater delib-

eration and calmer thought. (*Hass* v. *Ry. Co.*, 57 N. W. 894; *International* v. *Neff*, 28 S. W. 283; *Gulf Ry. Co.* v. *Knott*, 36 S. W. 491.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff, Thomas Cain, was employed as a miner by the defendant, the Gold Mountain Mining Company, in the Ruby mine, in Jefferson county, Montana, working in the stopes getting out ore. The operations of that portion of the mine were reached through a tunnel about 600 feet in length. A track of iron rails was laid in the tunnel, and ordinary tram cars were used to haul out the ore and waste. The tunnel had sufficient grade that the cars ran out by force of gravity and with considerable velocity. On January 19, 1898, the plaintiff left his work in the stopes, went to the mouth of the tunnel, and, in attempting to return to his work, met a loaded car, and was by it crushed against the side of the tunnel and severely injured. He brought this action for damages, alleging negligence on the part of the defendant company in that the tunnel through which he had to go to his work was too narrow to permit a man and car to pass in it. The answer denied any negligence on the part of the defendant; alleged contributory negligence on the part of the plaintiff; that the plaintiff assumed the risks incident to his employment when he went to work for the defendant company; and that the narrowness of the tunnel was apparent to the plaintiff, and constituted a risk which he so assumed. Upon the trial of the cause, after the plaintiff rested, the defendant interposed a motion for a nonsuit, which was overruled, and defendant then offered its testimony. A verdict in favor of the plaintiff for $2,500 was returned, and from a judgment entered on that verdict, and from an order overruling defendant's motion for a new trial, these appeals are prosecuted.

The only errors relied upon are, first, the insufficiency of the evidence to justify the verdict, and, second, error of the court in refusing to grant defendant's motion for a nonsuit.

1.   The specifications of insufficiency of the evidence to justify the verdict are alike, and are wholly inadequate for the purpose intended. In form they are substantially as follows: The evidence is insufficient to support the verdict in this: that the evidence conclusively shows contributory negligence on the part of the plaintiff, knowledge of certain facts on his part, or something to the same effect. Section 1173 of the Code of Civil Procedure, among other things, provides: "When the notice of the motion designates as the ground of the motion the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient.   *   *   *   If no such specifications be made the statement shall be disregarded on the hearing of the motion." Under a specification of the insufficiency of the evidence to support the verdict, this court will not consider what the evidence does show, but only what it fails to show (*First Nat'l Bank* v. *Roberts,* 9 Mont. 323, 23 Pac. 718; *Zickler* v. *Deegan,* 16 Mont. 198, 40 Pac. 410; *Bardwell* v. *Anderson,* 18 Mont. 528, 46 Pac. 443; *Kumle* v. *Grand Lodge,* 110 Cal. 204, 42 Pac. 634; *Dawson* v. *Schloss,* 93 Cal. 194, 29 Pac. 31), and, the specifications having wholly failed to point out any particulars in which the evidence is insufficient to support the verdict, we are bound by the terms of Section 1173, above, to disregard them on this hearing.

2.   Did the district court err in overruling defendant's motion for a nonsuit? The respondent contends that this question is not before this court, and that the error, if error at all, was waived by the defendant when it proceeded to put in its evidence after the motion had been denied. Upon this proposition the courts are hopelessly divided in opinion. All the federal courts, and a number of the state courts, hold that the motion for nonsuit is waived by the moving party putting in evidence afterwards; while, on the other hand, very respectable authorities hold to the contrary. It can hardly be said to be unfair to the lower court for this court to review its action in overruling a motion for a nonsuit merely because other testimony has been offered since that ruling was made, for, upon

such hearing in this court, the alleged error will be treated from the standpoint of the district court, and with reference to the evidence it had before it in making the ruling, and not otherwise. It would seem that the better rule is that the motion is not waived, any more than a demurrer is waived by pleading further after the demurrer has been overruled. However, the defendant assumes the risk of supplying the deficiency in the plaintiff's case by testimony elicited from his witnesses, and, if such occurs, the error in overruling the motion would be entirely cured. This is the doctrine adhered to in California, Oregon, Washington, Colorado, Utah (by statute), and Missouri. (*Elmore* v. *Elmore,* 114 Cal. 516, 46 Pac. 458; *Ferguson* v. *Ingle,* 38 Oregon, 43, 62 Pac. 760; *Matson* v. *Port Townsend, etc. Co.,* 9 Wash. 449, 37 Pac. 705; *Alta Investment Co.* v. *Worden,* 25 Colo. 215, 53 Pac. 1047; *Weber* v. *Kansas City C. Ry. Co.,* 100 Mo. 205, 13 S. W. 587, 7 L. R. A. 819, 18 Am. St. Rep. 541.) In this state it has heretofore been an open question. (*T. C. Power & Bro.* v. *Stocking,* 26 Mont. 478, 68 Pac. 857.)

Considered from the standpoint of the district court in passing upon the motion for a nonsuit, we are satisfied that no error was committed in overruling it. The evidence was sufficient to go to the jury. Upon a motion for a nonsuit, everything will be deemed to be proved which the evidence tends to prove. (*State ex rel. Pigott* v. *Benton,* 13 Mont. 306, 34 Pac. 301; *Morse* v. *Granite County Commissioners,* 19 Mont. 450, 48 Pac. 745.) The rule is well established "that no cause should ever be withdrawn from the jury unless the conclusion from the facts necessarily follows, as a matter of law, that no recovery could be had upon any view which could reasonably be drawn from the facts which the evidence tends to establish." (*Great Northern Ry. Co.* v. *McLaughlin,* 17 C. C. A. 330, 70 Fed. 669.)

For the reasons herein set forth, the judgment and order appealed from are affirmed.

*Affirmed.*