### GIPSON v. SOUTHERN RY. CO.

(Circuit Court, N. D. Alabama, N. D.    June 19, 1905.)

No. 1,718.

1. RAILROADS—ACCIDENT AT CROSSING—WANTON AND RECKLESS KILLING.

Evidence that a railroad train, at the time it struck and killed a person at a crossing in a town, was being run at an unlawful rate of speed, and that the whistle was not blown nor the bell rung as the train approached the crossing, does not sustain an allegation that the killing was wanton and reckless, or intentional, so as to exclude the defense of contributory negligence.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1100, 1101.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where a person killed at a railroad crossing had his senses of sight and hearing, and walked upon the track in full daylight at a place where the train could plainly be seen approaching for a distance of from a quarter to a half mile, he was chargeable with contributory negligence as matter of law, which precludes a recovery for his death from the railroad company, although it was also guilty of negligence in the running of the train.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1080, 1189.]

James H. Ballentine and W. N. Benson, for plaintiff.
Milton Humes and Paul Speake, for defendant.

SHELBY, Circuit Judge. The plaintiff having closed his case, the court, on motion of the defendant, directed a verdict for the defendant. The case is now submitted on the motion of the plaintiff for a new trial, on the ground that the case should have been submitted to the jury.

This is an action for damages under an Alabama statute, alleging negligence on the part of the defendant which caused the death of

the plaintiff's intestate. It is averred that the defendant railway company, by its agents, ran a locomotive over and killed Amos Gipson in the town of Paint Rock. There are five counts in the declaration. Three of them allege a wanton and reckless killing, and two of them a negligent killing. The defendant pleads "not guilty" to all the counts, and contributory negligence to those alleging mere negligent killing. The accident occurred about midday on the 6th of September, 1901. There was an ordinance in force in the town of Paint Rock which forbade trains to pass through the town at a greater rate of speed than 10 miles an hour. The evidence showed that the train was going at the rate of from 25 to 30 miles an hour. There was also evidence tending to show that the bell was not rung nor the whistle blown as the train approached and entered the town. The town contained about 500 or 600 inhabitants. The accident occurred at a public crossing, which was used daily by the citizens of the town. Proof of these facts sustained the charge of negligence against the defendant corporation. It is clear, however, that the evidence was not sufficient to sustain the charge of wanton, reckless, or intentional killing. King v. Illinois Central R. R. Co., 114 Fed. 855, 52 C. C. A. 489; L. & N. R. R. Co. v. Mitchell, 134 Ala. 261, 32 South. 735. The plaintiff, therefore, was not entitled to a verdict on the counts which allege wanton, reckless, and intentional killing.

The evidence is, however, as I have said, amply sufficient to make a prima facie case of negligence, entitling the plaintiff to a verdict on the counts based merely on negligence, unless the evidence sustains the plea of contributory negligence. The evidence showed without conflict that the accident occurred in broad daylight; that the railroad at the place at which it occurred was perfectly straight for the distance, one witness said, of a quarter of a mile, and another witness, a half mile; and that there was no obstruction upon or near the railroad that would have prevented the deceased from seeing the approaching train. The evidence showed without conflict that the deceased was on the west side of the railroad track, and in a place of safety, and that, as the train approached, he either ran or walked rapidly towards the track for the purpose of crossing it to get to the station before the train arrived. There are three parallel tracks laid in front of the station, running at that point north and south. One of the witnesses testified that, when the deceased reached the track, he paused and looked in the direction from which the train came, and then started across the tracks, and was struck when he had made four or five steps. Another witness testified that the deceased attempted to go directly across the three tracks, and as he raised his foot to step on the main track the engine struck him. The deceased was about 70 years of age, but the evidence showed that his eyesight was good and that he was not deaf. If he looked up the road he could have seen the approaching train at a distance of certainly not less than a quarter of a mile—one of the witnesses said, a half mile. As the Supreme Court said, in Northern Pacific R. R. Co. v. Freeman, 174 U. S. 384, 19 Sup. Ct. 765, 43 L. Ed. 1014:

"Judging from the common experience of men, there can be but one plausible solution of the problem how the collision occurred. He did not look; or, if he looked, he did not heed the warning, and took the chances of crossing the track before the train could reach him. In either case he was clearly guilty of contributory negligence."

See, also, R. R. v. Houston, 95 U. S. 697, 702, 24 L. Ed. 542.

It is true that questions of negligence are usually for the jury. It is well settled, however, that where, in an action to recover for a personal injury, all the material facts touching the negligence of the person injured are undisputed, and admit of no rational inference but that of his negligence, the question of contributory negligence becomes a matter of law only, and the court should direct a verdict. St. L. S. W. R. R. Co. v. Purcell (C. C. A.) 135 Fed. 499; Hemingway v. Ill. Cent. R. R. Co., 114 Fed. 843, 52 C. C. A. 477.

It seems to me that but one of two inferences can be drawn from the evidence bearing upon the question of the deceased's contributory negligence. He either failed to look for the train and negligently walked on the track, or he looked and saw it, and took his chances to cross the tracks before the train reached him. In either case he was clearly guilty of contributory negligence.

The motion for a new trial is overruled.