JOHN V. HAGEMAN, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued November 7, 1906—Decided February 25, 1907.

1. It is the duty of a foot passenger crossing a street containing a car track to use his powers of observation while in a place of safety to discover approaching cars which may put him in danger.
2. If obstacles intervene to prevent observation, reasonable prudence requires delay until such observation as is requisite has been made.

On error to Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff in error, *Hobart Tuttle.*

For the defendant in error, *Albert C. Pedrick.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff, while crossing Springfield avenue, in Newark, from the south to the north side, to board a car approaching on the westbound track, was struck and injured by a car running on the eastbound track.

At the close of the plaintiff's case the defendant moved for a nonsuit on the ground that the defendant's negligence had not been proven, and on the further ground that it appeared that the accident was due to the plaintiff's contributory negligence, and at the close of the whole case, the court was moved to direct a verdict for the defendant, upon the same grounds. These motions being refused, the defendant excepted and brought this writ of error.

It appears in the evidence of the plaintiff that he started from the curb on the south side of Springfield avenue, and about five feet from the eastbound track, he looked west along

the avenue and saw a horse with a covered wagon approaching ten or twelve feet away, going east, partly on the eastbound track and in the act of turning off towards the south. The horse was going on a walk, the horse's forefeet being about eighteen inches off the track, and the right-hand wheels of the wagon also cleared the track; that he passed in front of the horse; that he saw no car and that he knew of no car until just as he was stepping off the eastbound track, a friend who was with him told him to look out for the car and as he said that the car struck him; that he never saw the car at all. He says, as to what observation he made, that before he started to cross he looked up and down the track and saw the covered wagon, then about ten or twelve feet from him; that he never saw the car that struck him at all; that when he looked he was about five feet from the eastbound track; that he did not stop and look; that when he got within a foot or two of the nearest rail he did not remember whether he looked to see if any car was coming; that he did not remember seeing any; if there was one he did not see it; that the street to the west was practically straight; that he did not look to see if there was a car in back of the wagon; that he was in a hurry to get across in front of the car going west so as to catch it; that his mind was intent on getting that car and that was the reason that he did not look to see whether there was anything back of the wagon; that he did not have time to look back there, so that if there was anything back there he took a chance of getting across in front of it; that he hurried across the eastbound track on a fast walk; that when he looked west and saw the wagon he did not look beyond the wagon to see whether anything was coming beyond it or not; that as the wagon was turning out, if he had taken particular pains to look behind it, he might have seen the car; that as he was crossing the street his particular attention was entirely engaged on the car that was going to Irvington; that when he looked towards the west he was talking to his friend walking on across.

It is clear from this evidence that the plaintiff was not exercising that care which is required of one crossing a public

street upon which trolley cars are continually passing, and there is no conflicting evidence upon the subject to require the submission of this question to the jury.

The general rule requires one in exercising his lawful rights in a place where the exercise of like rights by others may put him in peril, to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances. In crossing the roadway a foot passenger must use his power of observation to discover approaching vehicles and a reasonable judgment when and how to cross without collision. In such case the degree of care required exceeds that required to avoid collision with other foot passengers on the sidewalk, not because the right of a foot passenger and the right of a driver of a vehicle differ, but because of the circumstances. The vehicle usually travels at a greater speed which cannot be so quickly stopped or deviated from its course; the street car cannot be deviated from its track, while the passer on foot may quickly stop, turn aside or even retrace his steps.

So it may be generally said that if obstacles temporarily intervene to prevent observation, reasonable prudence would dictate delay until such observation as is requisite has been made. *Newark Passenger Railroad Co.* v. *Block,* 26 *Vroom* 605; *Brady* v. *Consolidated Traction Co.,* 35 *Id.* 373; *McGrath* v. *North Jersey Street Railway Co.,* 37 *Id.* 312.

The contributory negligence of the plaintiff being established by evidence which was uncontradicted, it was error to submit the case to the jury.

Whether the defendant was guilty of negligence, was, under the evidence in the case, properly submitted to the jury.

The judgment below is reversed.