MATILDA L. VAN NESS, ADMINISTRATRIX, v. NORTH JERSEY STREET RAILWAY COMPANY.

Argued June 5, 1907—Decided November 11, 1907.

The failure of a person, who is about to cross the tracks of a street railway company, to use his powers of observation, while in a place of safety, to discover approaching cars which may put him in danger, is a bar to his right to recover for injuries received through being run down by such a car.

On writ of error to Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the plaintiff in error, *Hobart Tuttle.*

For the defendant in error, *Edward Kenny.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This suit was brought by the plaintiff to recover from the defendant company the pecuniary loss sustained by the widow and next of kin of Levy Van Ness, deceased, by reason of his death.   Van Ness was run over and killed by a trolley car of the defendant company while crossing Broad street, in the city of Newark, in front of the First Presbyterian Church, not far from the corner of Market street.   The accident occurred about half-past seven at night on the 26th of May, 1906, while it was yet quite light.   According to the proof on the part of the plaintiff, there was a car traveling north, and another one proceeding south, which passed each other at about the place of the accident.   The plaintiff, in crossing the street, came first to the track upon which the northbound car was moving, and waited until it had passed.   He then walked across this track and stepped in front of the southbound car, which at the time was traveling rapidly, and was only a few feet away from him.   He was struck down and killed almost instantly.   At the close of the plaintiff's case there was a motion to nonsuit upon the ground, among others, that the facts proved made it clear that the accident was due to the contributory negligence of the deceased.   The motion was refused, and in this refusal there was, in our judgment, error.   If Mr. Van Ness had been at all observant of the situation he must have known that the southbound car would be so close at hand, after the northbound car had passed, as to make it dangerous for him to attempt to cross over the southbound track until after the car upon it had passed by.   His action in crossing in front of the southbound car, if he had this knowledge, was negligent.   If he did not have this knowledge it was because he failed to take the reasonable precaution for his safety which the law required of him.   As was stated by this court in *Hageman* v.

*North Jersey Street Railway Co.,* 45 *Vroom* 279, it is the duty of a foot passenger crossing a street containing car tracks to use his powers of observation while in a place of safety to discover approaching cars which may put him in danger, and a failure to perform this duty is such negligence as will bar a recovery for an accident contributed to by that negligence.

After the refusal to nonsuit, the defendant examined on its behalf a number of witnesses whose stories describing the accident were in many respects contradictory of the testimony by the witnesses produced on behalf of the plaintiff. Their testimony, however, does not operate to correct the error of the trial judge in refusing to nonsuit, for the contributory negligence of the deceased is as plainly evidenced thereby as by the testimony given by the witnesses on behalf of the plaintiff. The judgment, therefore, must be reversed.