LANCASTER et al. v. FOSTER et al.

(Circuit Court of Appeals, Fifth Circuit. November 15, 1918. Rehearing Denied December 19, 1918.)

No. 3231.

1. TRIAL ⚖➙420—WAIVER OF ERROR—DENIAL OF MOTION FOR DIRECTED VERDICT.

An exception to denial of motion for direction of verdict, made at the close of plaintiff's evidence, is not waived by defendant by subsequent introduction of evidence, where such evidence is all in the record and contains nothing which strengthens plaintiff's case.

2. RAILROADS ⚖➙348(8)—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE—FAILURE TO LOOK.

Circumstantial evidence, which warranted the inference that deceased was struck and killed by a passing train, while walking on a highway crossing a single railway track in the daytime, at a place where a train approaching from either direction could be seen for a mile or more, *held* to also require the inference that he was chargeable with contributory negligence.

In Error to the District Court of the United States for the Western District of Texas; Du Val West, Judge.

Action at law by Frances B. Foster and others against J. L. Lancaster and Pearl Wight, receivers for the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendants bring error. Reversed.

S. N. Russell, of El Paso, Tex., for plaintiffs in error.

Walter H. Scott, of El Paso, Tex. (Winter, McBroom & Scott, of El Paso, Tex., on the brief), for defendants in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action by the defendants in error, the widow and surviving children of A. G. Foster, deceased, to recover damages resulting from the death of the latter, which was attributed to negligence in the operation of a railroad train, which it was alleged struck him as he was undertaking to cross the railroad track where it was intersected by a road on which the deceased at the time was walking. It was pleaded as a defense that, if the deceased was struck and killed by the defendant's train as alleged, it was through and on account of his own negligence and carelessness in failing to look and listen before going on the track at the crossing. An exception was reserved to the action of the court in overruling a motion, made by the defendants after all the evidence offered by the plaintiffs had been introduced, that the court instruct the jury to find a verdict in favor of the defendants. Following this ruling the defendants introduced other evidence, which is set out in the bill of exceptions. After all the evidence was in, the defendants made another motion that the court instruct the jury to find in their favor, but the last-mentioned motion was not made until after the

⚖➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court had submitted the case to the jury and the jury had retired. The arguments in the case were concluded just at noon. When the court reconvened for the afternoon session, counsel for defendants were not present, and did not return to the courtroom until about 20 or 25 minutes after the court reconvened, and after the court had charged the jury and the jury had retired. Promptly after the return of the defendants' counsel to the courtroom they requested that the jury be directed to return a verdict for the defendants.

[1] In behalf of the defendants in error it is contended that the first-mentioned exception cannot be availed of by the plaintiff in error, because the latter thereafter introduced other evidence. A number of decisions are cited which indicate the existence of a rule to that effect. There is an obviously good reason to support such a rule, where the record does not disclose the subsequently introduced evidence, or where that evidence is disclosed and it is such as to make the evidence as a whole enough to justify its submission to the jury. If the subsequently introduced evidence is not disclosed to the appellate court, it may be presumed that the plaintiff's case was strengthened by it, and that the evidence as a whole was such that an instruction to find for the defendant could not properly have been given. If any deficiency in the evidence offered by the plaintiff is shown, or is to be presumed, to have been supplied by the evidence offered by the defendant, the latter is in no position to complain of the court's refusal to direct a verdict in his favor. Such a situation was presented in the case of Grand Trunk Railway Co. v. Cummings, 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266. The bill of exceptions in that case did not show the evidence introduced by the defendant after the overruling of its motion that a verdict in its favor be directed. It was held that, under such circumstances, it must be presumed that when the case was closed on both sides there was enough testimony to make it proper to leave the issues to be settled by the jury. There is no room for such a presumption where all the evidence adduced on both sides is contained in the bill of exceptions, and neither the part of it which was before the court when it refused to direct a verdict for the defendant nor all the evidence on both sides was enough to make it proper to leave the issues to be settled by the jury.

The evidence introduced by the defendants in the instant case had no tendency to support the claim asserted by the plaintiffs, or to supply any deficiency in the evidence offered by the latter. If it was error to overrule the motion for a directed verdict when it was first made, nothing afterwards occurred to cure that error. The sole tendency of evidence introduced by a defendant might be to rebut or discredit that offered by the plaintiff. The act of a defendant in so undertaking to destroy whatever probative value the plaintiff's evidence might have seemed to have could not well be regarded as an abandonment or waiver by the defendant of a motion made by him at the conclusion of the plaintiff's evidence, and based on the contention that on its face it was legally insufficient to support the claim asserted. We do not think the rule invoked is applicable, where

it is affirmatively made to appear that there is an absence of any good reason for applying it. Furthermore, though the renewal of the motion by the defendants after all the evidence was in was too late to be presented by exception for appellate review, it seems that it was enough to show that defendants' introduction of evidence was not accompanied by an intention to waive the first made motion for a directed verdict. The conclusion is that, under the circumstances disclosed, the action of the court on that motion is presented for review by this court. See Lydia Cotton Mills v. Prairie Cotton Co., 156 Fed. 225, 84 C. C. A. 129; Van Ness v. North Jersey Street Ry. Co., 75 N. J. Law, 273, 67 Atl. 1027; Matson v. Port Townsend R. Co., 9 Wash. 449, 37 Pac. 705.

[2] The evidence as to when and how the deceased came to his death was entirely circumstantial. He spent the night before he was killed at the residence of a Mr. Cadwallader on a farm or ranch about eight miles from El Paso; the deceased and Mr. Cadwallader being associated in the dairy and ranch business. Shortly after 7 o'clock the next morning the deceased left the breakfast table at Mr. Cadwallader's to catch an interurban car for El Paso. He was to stop and hold that car for a young daughter of Mr. Cadwallader, who expected to accompany him to El Paso, and who had to get her schoolbooks before leaving the house. She left the house shortly after the deceased, and boarded the interurban car for El Paso. She did not see the deceased after he left the house. A road in front of the Cadwallader residence goes over the Texas & Pacific Railroad single track, about 175 feet from the residence, and then over the interurban railroad track a short distance beyond. There was evidence tending to prove that an east-bound Texas & Pacific train passed over the crossing between the time the deceased left the house and the time the interurban car stopped at or near where it crossed the road. So far as appears, no one knew anything of any mishap to the deceased until his dead body was found about noon, near the railroad track and about 90 feet east of the road crossing. The condition of the body indicated that it might have been struck by a train. About halfway between where the body was found and the crossing some books and business papers the deceased was carrying when he left the residence were found. There was evidence having some tendency to prove that the above-mentioned east-bound Texas & Pacific train did not give the signals which a Texas statute requires to be given by a locomotive before and at the time it crosses any road or street. The deceased was familiar with the locality, having for years visited it at frequent intervals, and having an interest in the farm or ranch on which Mr. Cadwallader lived. The railroad track was straight for more than a mile in both directions from the place where it crossed the road. A train approaching from either direction could be seen by a pedestrian on the road approaching the crossing, and when one is about 12 feet from the rail on the side nearer the Cadwallader residence an approaching east-bound train is in plain view for more than a mile; the view in both directions being entirely unobstructed.

It may be assumed, without being conceded, that there was evi-

dence to support the inferences that the deceased was struck at the crossing by the above-mentioned east-bound train, and received the injuries causing his death, while he was proceeding along the road with the object of catching the interurban car then nearly due, and that negligence chargeable against the defendants proximately contributed to his death. The inferences mentioned involve the further one that the deceased went on or dangerously near the crossing when the train was approaching or passing it. His doing so under the circumstances inferred amounted to negligence proximately contributing to the result complained of. While he was far enough away from the crossing to be in a safe place if an engine or train was approaching, his view in both directions was entirely unobstructed. If he went on or dangerously near the crossing without using his senses to discover that a train was approaching, he was guilty of negligence proximately contributing to the result. If he proceeded on his way, without looking and listening, knowing as he did of the presence of the railroad track just ahead, he was equally guilty of contributory negligence. When it appears from the evidence that, if proper precautions were taken, they could not have failed to be effectual, there is no support for an inference that they were taken, but were ineffectual. If the evidence supported the inference that the train struck the deceased at the crossing while he was on his way to the interurban track, it also required one or the other of the further conclusions that he either failed to look for the train, and negligently walked on or dangerously near the track as the train was approaching or passing, or that he looked and saw it, and took the risk involved in an attempt to cross the track. In either case he was clearly guilty of contributory negligence. Northern Pacific Ry. Co. v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014; Railway Co. v. Houston, 96 U. S. 697, 24 L. Ed. 542; Gipson v. Railway Co. (C. C.) 140 Fed. 411; Shatto v. Erie R. Co., 121 Fed. 678, 59 C. C. A. 1. One in possession of his senses, walking in the daytime towards a single railroad track, the existence and location of which is well known to him, has all the opportunity needed to avoid danger from an approaching or passing train, if a reasonable use of his senses would inform him of any danger while he is yet far enough away to avoid it by the exercise of reasonable care.

The conclusion is that the court erred in overruling the motion of the defendants that a verdict in their favor be directed. Because of that error the judgment is reversed.