## Harris *v.* Commercial Ice Co., Appellant.

*Contributory negligence—Pedestrians in streets.*

While the rule of "stop, look and listen" has not been applied to pedestrians as to travel on streets, yet, where a pedestrian is about to step into a cartway, he must remember that horses and vehicles have a right of way there, to which he must give due attention, or he will be barred of complaint as to the consequences.

In an action to recover damages for personal injuries caused by collision with a wagon, it appeared from plaintiff's testimony that the wagon was coming along the street very rapidly, and that plaintiff was struck by the wheel almost at the instant he put his foot on the cartway. One witness testified that he saw plaintiff "leaving the curb, and almost instantly he was struck by the ice wagon." Another witness testified that he saw plaintiff "about putting his foot on the crossing, and just as he got his foot over, and he had hardly got his other foot over, the wagon struck him

with the front wheel." This testimony was not contradicted. *Held*, that plaintiff was guilty of contributory negligence, and that the case should be taken from the jury.

MR. JUSTICE STERRETT dissented.

Argued Jan. 4, 1893. Appeal, No. 415, Jan. T., 1892, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1890, No. 608, on verdict for plaintiff, Nathaniel Harris. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for personal injuries.

The facts, as they appeared before BIDDLE, J., are stated in the opinion of the Supreme Court.

Binding instruction for defendant was refused. [3]

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was (3) above instruction, quoting it.

*Gavin W. Hart*, for appellant, cited, Buzby v. Traction Co., 126 Pa. 559; Carroll v. R. R., 12 W. N. 348; Myers v. R. R., 150 Pa. 386.

*D. Webster Dougherty*, for appellee, cited, Kohler v. R. R., 135 Pa. 357; Schmidt v. McGill, 120 Pa. 412; Brown v. Barnes, 151 Pa. 562.

OPINION BY MR. JUSTICE MITCHELL, February 20, 1893:

The evidence leaves no doubt of the negligence of defendant's driver, and the only question therefore is the contributory negligence of plaintiff. Unfortunately the evidence leaves as little doubt as to this. Birchall says, " I saw Mr. Harris leaving the curb, and almost instantly he was struck by this ice wagon," and Albright says, " I saw this gentleman about putting his foot on the crossing . . . . and just as he got his foot over, and he had hardly got his other foot over, the wagon struck him with the first wheel." Both testified that the wagon was coming up the street very rapidly, " full tilt " and " on a run " are their expressions, and that there was nothing in the way to prevent plaintiff seeing it, if he had looked. There is a slight discrepancy as to the place of the wagon, Birchall stating that it was on the car track in the middle of the street, and Albright that it was on the south side, nearest to the curb from which the plaintiff stepped. These are plaintiff's own

witnesses and they are the only ones who saw the accident. The unquestionable facts, the short distance from the curb to the wagon's line of travel, the almost instant collision after stepping from the curb, and the point of contact, not with the horses but with the wheel, establish a situation explainable only by the plaintiff's own statement to the police officers that he didn't hear the wagon (or see it, as he should have added) and "walked into it." The defendant's evidence corroborates and makes perfectly plain this view of the cause of the accident. If it involved any contradiction of the plaintiff's case, it would of course have to go to the jury, but there is no conflict at all, the testimony on the part of defendant merely rounds out and completes the account which the plaintiff had already clearly outlined. Reckless driving and heedless walking produced a combined result of injury.

The law of the case needs very little discussion. The consequences of a collision of foot passengers and vehicles on a city street are not so serious to the parties or to others, as collisions with railroad trains, and therefore neither the circumstances of the parties nor the consequences to innocent persons travellers on the street, have required in such cases the establishment of the fixed legal standard of care which is expressed in the rule to stop, look and listen. But the obligation to care and attention is just as imperative, though the standard is less fixed and less exacting. People are not entitled to walk the streets with closed eyes and inattentive minds. There is no situation in life, involving danger whether much or little, in which the law does not require a due and proportionate amount of care and attention. Even on a city street a man must heed what he is doing and where he is going, or he cannot complain of the consequences. This is the rule even on the sidewalk, Robb v. Connellsville Borough, 137 Pa. 42, and when he steps into the cartway he is equally bound to remember that horses and vehicles have also a right of way there, to which he must give due attention or he will be barred of complaint as to the consequences. This unfortunate accident was the result of a plain disregard by plaintiff of this principle, and the jury should have been so told.

Judgment reversed.

Mr. Justice Sterrett dissented.