(13 Misc. Rep. 156.)

KETTLE v. TURL et al.

(Common Pleas of New York City and County, General Term.   June 3, 1895.)

CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for personal injuries it appeared that plaintiff dismounted from a vehicle which he was driving to pick up something in the street, after which he attempted to remount his vehicle by climbing on the wheel, and while so doing he was struck by the whiffletree of defendant's truck and knocked down.   Plaintiff had seen defendant's truck approaching

when he dismounted from his vehicle, but he did not look to see where it was when he got on the wheel. *Held* that plaintiff was guilty of contributory negligence.

Action by James Kettle against John Turl and others to recover damages for the alleged negligence of defendants' servants in driving a truck owned by defendants. The defense was a denial and an allegation that the injuries sustained by plaintiff were caused wholly by his own negligence. The complaint was dismissed at the trial, and plaintiff moves for a new trial, on exceptions ordered to be heard at general term in the first instance. Denied.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

George H. Hart (John H. Whiting, of counsel), for plaintiff.

Niles & Johnson (William W. Niles, of counsel), for defendants.

DALY, C. J. The complaint was dismissed by the trial judge because the plaintiff had failed to show absence of contributory negligence. He was driving a truck down Tenth avenue, on the right side of the avenue, and stopped close to the sidewalk below Twenty-Fourth street, in order to dismount and pick up a knife which he saw lying near the railroad tracks, which were in the middle of the avenue. After he picked up the knife, he went back to his truck, and stood on the side of it next to the middle of the street, to put the knife into his feed bag. Then he attempted to mount his truck from the same side, by placing his right foot on the hub of his wheel, and holding on by his hand to the seat of the truck. While standing on the hub of his wheel, and about to mount higher, his legs were struck by the whiffletree of defendants' truck, which was heavily loaded with car wheels, and was coming down the avenue. Plaintiff was swept off to the ground, receiving injuries to his ankle for which he sued. He had seen this truck coming when he went back to pick up the knife. It was then on the other side of the crossing of Twenty-Fourth street, and it was coming right down to him, and when he stood to put the knife in his feed bag, it was coming right down behind him; but he did not look to see where it was when he attempted to mount his truck and got on the wheel.

If it be assumed that defendants' driver was negligent in driving so close to the plaintiff's truck that his whiffletree would be likely to strike a man who attempted to climb, as plaintiff did, on the wheel, what evidence is there that he had cause to apprehend that plaintiff would get on his wheel, or that there was time to stop the heavily loaded wagon after he perceived the plaintiff in that position? It was not negligence in the driver to approach so close unless there was reason to apprehend injury from that cause, and I do not find, in the facts detailed, evidence to justify any such expectation on the part of an ordinarily prudent person. But, if there be a question on the evidence as to defendants' negligence, the case is barren of evidence upon which to base a finding that plaintiff exercised due care. He knew that the truck was coming right down to him, and he never looked to see whether it was safe for him to mount on

the side on which it was approaching. Want of negligence may be established from inferences, which may be properly drawn from the surrounding facts and circumstances; but in this case the undisputed facts leave no room for inferences. The plaintiff, without taking any precautions for his own safety, seeks to hold defendants liable for not being vigilant to avoid injuring him, although defendants' driver could not know the danger in which plaintiff was about to place himself, and plaintiff, by the exercise of very slight care, could have perceived it. Plaintiff is bound to give some evidence showing the exercise of ordinary care if the danger is obvious to ordinary inspection. Weston v. City of Troy, 139 N. Y. 282, 34 N. E. 780. Were there no evidence to show that he gave attention to the position which the coming truck would be certain to occupy when he attempted to mount his own, his case would be barren of the proof necessary to sustain the action for negligence; and, where he expressly admits that he gave no heed and paid no attention, failure of his case in an essential particular is unquestionable.

Motion for a new trial denied, exceptions overruled, and judgment ordered for defendants. All concur.