[No. 7303. Decided August 6, 1908.]

### ISAAC BORG, *Appellant*, v. SPOKANE TOILET SUPPLY COMPANY, *Respondent*.[1]

MUNICIPAL CORPORATIONS—STREETS—COLLISION OF PEDESTRIAN AND TEAM—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. A pedestrian crossing a city street diagonally in the middle of the block, who was struck by a delivery wagon, is guilty of contributory negligence, precluding any recovery, where it appears that he saw the wagon approaching at six or eight miles an hour as he stepped from the curb, but paid no further heed to it, supposing it would keep on its course, there were no other vehicles on the street, and he met the wagon at right angles, while the same was crossing to the other side of the street; the jury having found that the driver of the wagon did not see the plaintiff before he was struck in time to have avoided the accident.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 17, 1907, in favor of the defendant, notwithstanding a verdict for the plaintiff, in an action for personal injuries sustained by a pedestrian through a collision with a laundry wagon. Affirmed.

*Samuel R. Stern*, for appellant.

*Graves, Kizer & Graves*, for respondent.

RUDKIN, J.—This was an action to recover damages for personal injuries resulting from a collision between the plaintiff and a laundry wagon driven by the defendant, on one of the public streets of the city of Spokane. The answer denied the negligence charged in the complaint, and alleged contributory negligence on the part of the plaintiff. At the close of the trial the court submitted the following issues to the jury, under instructions to which no exceptions were taken: (1) Negligence on the part of the defendant; (2) contributory negligence on the part of the plaintiff; and (3)

[1]Reported in 96 Pac. 1037.

conceding contributory negligence on the part of the plaintiff, did the defendant discover his peril in sufficient time to avoid injuring him, by the exercise of ordinary care. In addition to the general forms of verdict, the court of its own motion submitted the following special findings or interrogatories to the jury:

"(1) Was the plaintiff hit or knocked down by the defendant's wagon; (2) If you answer the above interrogatory in the affirmative, then state whether the driver saw the plaintiff before the wagon hit him; (3) If you answer the last interrogatory in the affirmative, then state whether the driver took sufficient time after seeing plaintiff was in danger to prevent the collision, if the driver had exercised reasonable care."

The jury returned a general verdict for the plaintiff, answered the first interrogatory in the affirmative, the second in the negative, and returned no answer to the third. The court thereafter gave judgment for the defendant, notwithstanding the verdict for the plaintiff, and from this judgment the present appeal is prosecuted.

The facts in the case are very brief, and there is little or no conflict in the testimony. On the day of the accident, an employee of the respondent was driving a laundry wagon to different points in the city of Spokane, in the pursuit of his employer's business. He drove westerly along Sprague Avenue to its intersection with Lincoln street, and turned northerly into Lincoln street along its westerly side. When he had proceeded about half way across the block between Sprague Avenue and Riverside Avenue, he turned diagonally across the street from the west side to the east side, for the purpose of delivering some laundry at a barber shop. As the respondent's wagon was passing along the west side of Lincoln street in a northerly direction, the appellant stepped from the curb on the east side of the street and started diagonally across the street to his place of business on the west side of the street. At or near the center of the street, the appellant

and the respondent's wagon or team collided while going at substantially right angles to each other, and the appellant received the injuries for which a recovery is here sought. The driver in charge of the wagon could not, or at least did not, see the appellant, because a large quantity of towels was piled up in the front part of the wagon obstructing his view. The appellant, on the other hand, saw the laundry wagon on the opposite side of the street, going in a northerly direction, when he stepped from the curb, but paid no further heed to it. He testified that he supposed that the wagon would continue on its course and would pass him long before he reached the opposite side of the street. Under these facts, there can be no question that the driver of the laundry wagon was guilty of gross and inexcusable neglect; but we see no escape from the conclusion that the appellant was equally negligent, though perhaps the consequences of his neglect were not likely to prove so serious to others. The speed of the laundry wagon did not exceed six or eight miles per hour; there were no other vehicles in the street to distract or bewilder the appellant; he was in the full possession of all his mental faculties, though apparently utterly oblivious to his surroundings. Both parties had equal rights in the street, and each rested under the same obligation to look out for his own safety and the safety of others. Had the appellant been the superior force in this instance, causing injury to the respondent or to some third person, there could be no question as to his negligence. The special findings of the jury eliminated the last clear chance doctrine from the case, and in our opinion the court below correctly ruled that contributory negligence on the part of the appellant was a complete bar to a recovery. *Barker v. Savage*, 45 N. Y. 191, 6 Am. Rep. 66; *Harris v. Commercial Ice Co.*, 153 Pa. St. 278, 25 Atl. 1133; *West v. New York Transportation Co.*, 94 N. Y. Supp. 426; *Kettle v. Turl*, 13 Misc. Rep. 156, 34 N. Y. Supp. 75; *Evans v. Adams Express Co.*, 122 Ind, 362, 23 N. E. 1039, 7 L. R. A. 678.

In view of the conclusion we have reached on the merits

of the case, we deem it unnecessary to consider or discuss the competency or materiality of the affidavits of jurors presented in opposition to the motion for judgment. There is no error in the record, and the judgment is affirmed.

FULLERTON, CROW, and DUNBAR, JJ., concur.

HADLEY, C. J., and MOUNT, J., took no part.