[No. 7125.   Decided October 16, 1908.]

Vincenzo Dimuria, *Respondent*, v. Seattle Transfer
Company, *Appellant*.[1]

Appeal and Error—Decision—Trial—Waiver of Nonsuit.   The
waiver of a nonsuit by proceeding with the trial, after exception
taken, only allows the plaintiff the benefit of evidence thereafter in-
troduced; and where the defects in plaintiff's case are not cured
thereby, the nonsuit may, on proper assignment of error, be granted
on appeal.

Municipal Corporations—Streets—Collision at Crossing—Con-
tributory Negligence—Evidence—Sufficiency.   A pedestrian who
was run down by a team at a street crossing is guilty of contribu-
tory negligence, as a matter of law, precluding any recovery, where
it appears that he held an umbrella over his head in such a position
as to prevent his seeing the approaching team, and that neither
before or while crossing the street did he look in either direction
for teams or vehicles, and was not looking around, and that if he
had looked around he could have seen the team.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered July 3, 1907, upon the verdict
of a jury rendered in favor of the plaintiff, for personal in-
juries sustained by a pedestrian run down by a team at a
street crossing.   Reversed.

*Kerr & McCord*, for appellant.

*Joseph M. Glasgow*, for respondent.

Crow, J.—Vincenzo Dimuria commenced this action
against Seattle Transfer Company, a corporation, to recover
damages for personal injuries.   From a judgment in his
favor, the defendant has appealed.

The respondent alleged, that on November 13, 1906, at
the hour of 6: 50 a. m., he was walking on Jackson street,
near its intersection with Third avenue, in the city of Seat-
tle, crossing the same in front of the entrance of the drive-

[1]Reported in 97 Pac. 657.

way of the Union depot; that the appellant was the owner of a vehicle and team of horses then being driven along Jackson street by one of its servants, who so negligently and recklessly managed the team as to run over the respondent and do him bodily injury. The appellant, with other affirmative defenses, pleaded that the injuries sustained by respondent were caused solely by his own carelessness and negligence. At the close of respondent's evidence, the appellant moved for a nonsuit, and now insists that the trial court erred in denying its motion.

The rule of practice in this state is that, by proceeding with its evidence, the appellant waived its motion for a nonsuit. If, however, at the time the motion was interposed and denied, the proofs were insufficient to sustain a verdict for respondent, the appellant's waiver only went to the extent of allowing the respondent the benefit of any evidence thereafter introduced. *Port Townsend v. Lewis*, 34 Wash. 413, 75 Pac. 982; *Elmendorf v. Golden*, 37 Wash. 664, 80 Pac. 264. If, on consideration of such additional evidence, it appears that the defects in respondent's case have not been cured, the motion without any renewal thereof may, on a proper assignment of error, be sustained and a nonsuit granted on appeal. *Matson v. Port Townsend Southern R. Co.*, 9 Wash. 449, 37 Pac. 705.

In now passing upon appellant's contention that the nonsuit should have been granted and that the trial court erred in denying the same, we must consider all the evidence admitted during the trial. Appellant, in support of its motion, insists that the respondent was guilty of contributory negligence to such an extent as to prevent a recovery by him. The evidence, without conflict, shows that, while the respondent was crossing the public street he carried an umbrella over his head, which he held in such a position as to prevent him from seeing the approach of appellant's team, that he did not look around, that he failed to observe the approach of any teams, but proceeded on his way without giving any at-

tention to his surroundings.   On cross-examination he testified as follows:

"Q.  You had an umbrella over your head, did you?   A. Yes.   Q.   You did not look around at all when you made the crossing from Third avenue over to the entrance of the depot; you never looked around at all, did you?  A.  No sir; I was not looking around.  I had an umbrella.  Q.  And you walked right straight ahead to your home?  A.  Yes, walking straight home.  Q.  Was not thinking of carriages or horses, were you?  A.  No sir; was not thinking of them. Q.  Never thought anything about any street cars or wagons, or automobiles, or anything at all.  Just went right straight home?  A.  No sir, I was not thinking of them.  . . .  Q. If you had looked around on the day you were hurt, you could have seen this carriage, if you had been looking around?  A.  No, I was not looking around.  Q.  Well, if you had been looking around you could have seen the carriage, couldn't you?  A.  I was not looking around.  Q. Well, if you had looked around you could have seen these horses coming towards you, couldn't you?  A.  Yes, certainly, if I had looked around; of course."

Two of respondent's witnesses testified that they were crossing the street a short distance behind him; that appellant's team passed them before it reached him; that they saw it approaching; that they avoided being struck, although the horses were traveling at a reckless rate of speed; that after the vehicle had passed them, it struck the respondent who was crossing the street, was walking from the team, holding an umbrella over his head, and not looking around. There is no evidence that the respondent, before or while crossing Jackson street, looked in either direction for teams or vehicles, or that he took any precautions for his own safety.  It was just as much his duty to do this as it was the duty of the driver to exercise care in avoiding accidents. Pedestrians and teams have not any superior rights the one over the other at street crossings.  They each have a common right to use the street, and in its exercise are equally bound to employ care for their personal safety.  *Barker v.*

*Savage,* 45 N. Y. 191, 6 Am. Rep. 66; *Borg v. Spokane Toilet Supply Co., ante* p. 204, 96 Pac. 1037.

From all of the evidence we are compelled to hold that the respondent was guilty of contributory negligence, as a matter of law, in failing to look for approaching teams or to take any other precaution for his personal safety; that the trial court erred in denying appellant's motion for a nonsuit; that the defect in respondent's case was not cured by evidence subsequently admitted; and that the appellant is now entitled to have its motion granted on this appeal.

The appellant has made other assignments of error based upon instructions given which would entitle it to a reversal, but as an order of dismissal will be entered, it is not necessary to discuss them in this opinion.

The judgment is reversed, and the cause remanded with instructions to grant a nonsuit and dismiss the action.

ROOT, MOUNT, and RUDKIN, JJ., concur.

HADLEY, C. J., and FULLERTON, J., took no part.