ROBERT MUGGE, *Plaintiff in Error,* v. HENRY B. BRACKIN, *Defendant in Error.*

Where a person who is not careless, but is properly walking along or across a street, is injured by a vehicle rapidly and negli-

gently driven upon him before he has reasonable opportunity to escape, the party so driving the vehicle is liable in damages for injuries proximately caused by the negligence.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*W. F. Himes* and *M. B. Withers,* for Plaintiff in Error;

*Dickenson & Dickenson,* for Defendant in Error.

WHITFIELD, C J.—Brackin recovered a judgment against Mugge for personal injuries received by being run against by a horse and buggy driven by Mugge in a street in the city of Tampa, Florida, and Mugge took writ of error   The briefs state that "it is contended that contributory negligence is apparent from the facts testified to by the plaintiff himself and by his witnesses."

It appears that as Brackin was crossing Twiggs Street towards the northeast to enter Jefferson Street going north he saw Mugge's team coming rapidly from the west about a block away on Twiggs Street.   After crossing Twiggs Street Brackin entered Jefferson Street, and the team continuing at the high rate of speed and with much noise turned into Jefferson Street striking Brackin from the rear when he had not looked back or noticed its approach in time to avoid it.   It also appears that Mugge made no effort to avoid the collision, and that the team approaching from the rear was upon Brackin in Jefferson Street before he knew of its approach on that street, though his sight and hearing were good.

While Brackin cannot in law excuse himself from all

care for his safety upon the theory that he supposed Mugge would continue on Twiggs Street and not turn into Jefferson Street, yet if Brackin was exercising ordinary care in proceeding along Jefferson street and Mugge suddenly turned his team into Jefferson street going at a high rate of speed and struck Brackin before he reasonably could have escaped, there is no contributory negligence and Mugge is liable. Mugge and Brackin had equal rights in the use of the streets, but each is required to exercise due care for the rights of others as well as for his own safety.

Where a person who is not being careless, but who is properly walking along or across a street and is injured by a vehicle rapidly and negligently driven upon him before he has reasonable opportunity to escape, the party so driving the vehicle is liable in damages for injuries proximately caused by the negligence. Even if Brackin reasonably should have expected that Mugge who was rapidly driving down Twiggs Street would or might turn up Jefferson Street into which street Brackin had passed, the law did not require Brackin to anticipate that Mugge would continue his rapid speed when he turned into Jefferson Street and saw Brackin walking in that street ahead of him. The vehicle Mugge was driving approached Brackin from the rear at a rapid speed while Brackin was walking where and as he had a right to do, with apparently nothing in his surroundings to warn him of the careless rapid driving of the vehicle into the street just behind him. If Brackin had looked behind he would have seen the approaching team, but he was not required to look behind when the surrounding circumstances did not make that precaution reasonably necessary for his safety. He had a right to pass along Jefferson Street and he also had a right to assume that

the drivers of teams in the street would have due and proper regard for his safety. There is nothing to indicate that Brackin was not exercising ordinary care under the circumstances for his own safety. When Mugge turned into Jefferson Street it was his duty to drive his team with due regard for the rights and safety of others in the street; and as he saw Brackin walking ahead of him he should have slackened his speed or stopped if necessary to prevent injury to the pedestrian. He evidently could have avoided the collision which was caused by his fault in driving rapidly and in disregard of Brackin's rights before and at the time of the injury. The evidence indicates that the rapid passage of the team over the paved street made much noise and it is urged that this noise should have warned Brackin of the danger. This is not tenable, since the jury were warranted by the evidence in finding as they in effect did, that it was not Brackin's duty to look back under the circumstances or to expect Mugge to violently drive against him. There is postive evidence that Brackin apparently and in fact did not know of the approach of the team upon him until it was too late to avoid it, and the evidence is clear that Mugge knew or should reasonably have known that Brackin who was in front of him going in the same direction with his back to the team, apparently did not know the team was upon him until it was impossible to escape injury. See 2 Elliott on Roads and Streets, Sec. 1088; Shea v. Reems, 36 La. Ann. 966; Bowser v. Wellington, 126 Mass. 391; Stringer v. Frost, 116 Ind. 477, 19 N. E. Rep. 331, 9 Am. St. Rep. 875 and notes; Hennessey v. Taylor, 189 Mass. 583, 76 N. E. Rep. 224, 4 Ann. Cas. 396 and notes.

Among the charges given to the jury at the request of the plaintiff was the following:

"The question of negligence of the defendant and of contributory negligence on the part of the plaintiff, are both for the jury to decide from all the facts and circumstances of the case; but I charge you as a matter of law that a traveler on a highway, is not, as a matter of law, bound to be continuously looking or listening to ascertain whether vehicles are approaching, under the penalty that his failure to do so will constitute contributory negligence precluding a recovery for injuries sustained in a collision. The usual rule of ordinary care does not impose upon him the burden of being constantly on the lookout to see if his path is free from danger, or in a state of apprehension of personal injury from other travelers. He has not only the right to presume that the way is reasonably fitted for his use, but also has the right to presume that those who may be lawfully using it with himself will exercise a proper degree of care."

While the precise language of this charge is not approved, yet it is clear that under the facts in evidence this charge could not reasonably have misled the jury to the injury of the defendant. In view of the injuries shown to have been sustained by the plaintiff it is not clear that the $400.00 damages allowed are excessive.

This discussion disposes of the specific as well as the general contentions of the plaintiff in error, and the conclusion follows that there was no reversible error in overruling the demurrer to the evidence, in denying the motion for new trial and in giving the charge assigned and argued as error.

Counsel for the plaintiff in error rely largely upon the following cases: Borg v. Spokane Toilet Supply Co. 50 Wash. 204, 96 Pac. Rep. 1037; Harris v. Commercial Ice Co. 153 Pa. St. 278, 25 Atl. Rep. 1133; Dimuria v. Seattle Transfer Co. 50 Wash. 633, 97 Pac. Rep. 657; Belton v.

Baxter, 54 N. Y. 245, 13 Am. Rep. 578; Gerity's Adm's v. Haley, 29 West Va. 98, 11 S. E. Rep. 901. Those cases do not present facts analogous to the one here considered. Here the plaintiff below did not by his carelessness subject himself to the danger afforded by another's negligence, but he was proceeding on the street within his rights and in the exercise of ordinary care when he was injured by the negligence of another.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, JJ., concur.