[No. 10618.  Department Two.  May 6, 1913.]

### B. A. KENNEDY, *Appellant*, v. SPOKANE, PORTLAND & SEATTLE RAILWAY COMPANY, *Respondent*.[1]

RELEASE—CONSIDERATION.  Medical services furnished to an injured employee do not constitute a consideration for a release of damages, where acceptance of the services did not create the relation of debtor and creditor between the employee and the physician.

SAME.  Medical services furnished to an injured employee do not constitute a consideration for a release of damages negligently inflicted by the employer.

DAMAGES—MITIGATION.  Plaintiff's neglect of the original injury goes to the amount of his recovery, and is not ground for dismissal of an action for personal injuries.

[1]Reported in 132 Pac. 50.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 8, 1912, upon granting a nonsuit, dismissing an action for personal injuries sustained by an employee in a roundhouse. Reversed.

*O. C. Moore* and *Robert Corkery*, for appellant.

*Cannon, Ferris & Swan* and *W. A. White*, for respondent.

MAIN, J.—This is an action to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant. The defendant corporation owns and operates a steam railway line extending from the city of Spokane, Washington, in a southwesterly direction through the states of Washington and Oregon until it reaches Portland. At a point on the line of the road known as Cliffs, in Klickitat county, Washington, it maintains a roundhouse and repair shops. On September 23d, 1909, and for sometime prior thereto, the plaintiff had been employed in the roundhouse in the capacity of locomotive hostler. His duties in this position were to receive the engines in the yard from the crew when they came off of the line, and take them from there into the roundhouse. On September 23, 1909, at about one or two o'clock in the morning, the plaintiff received an engine in the manner described and conducted it into the roundhouse. When he went aboard the engine in the yard he ascended from the left-hand side. After getting the engine into the roundhouse, owing to the fact that there was some obstruction which prevented his easy getting down from the engine on the left-hand side, he got down on the right-hand side, and in passing down, owing to a defective step, he fell and was precipitated upon a pile of scrap iron which was on the floor of the roundhouse. The point of one piece of scrap iron penetrated his foot. The injury apparently not being serious, he continued with his work the remaining portion of that night and for five or six nights thereafter, but the injury to the foot becoming more or less painful, and there being no physician at Cliffs, or medical supplies, he went to

Stevensburg, which was about forty-five miles distant, and consulted the company's doctor located at that point. The doctor here dressed the foot and kept him under treatment for about ten days when he, the doctor, then advised him to go to Portland to see the company's head physician. In going to Portland the plaintiff stopped off at Vancouver to consult with the master mechanic relative to his returning to work, and was there informed, according to his testimony, that it would be necessary first for him to go into the offices in Portland and fix up some papers. He went to Portland and went to the company's offices and there saw the claim agent; also the company's head physician; and was presented by the claim agent with a written release of damages with the request that he sign the same, which he did. This release recites:

"That in consideration of medical and surgical attention furnished to me by the Spokane, Portland & Seattle Railway Company, the receipt whereof is hereby acknowledged, I have released, acquitted and discharged and do by these presents release, acquit and discharge said railway company, its successors and assigns of and from any and all liability, causes of action, costs, charges, claims or demands of every nature and description in any manner arising or growing out of or to arise or grow out of personal injuries received by me, B. A. Kennedy, while working as hostler at or near Cliffs, Washington, on or about the 23rd day of September, 1909, while getting off engine 462 in roundhouse slipped on account of defective step and injured right foot which became infected."

It will be noted that this release specifies as a consideration for the signing thereof by the plaintiff *"medical and surgical attention furnished."*

After leaving Portland, the plaintiff returned to Vancouver, where he was told by the master mechanic that they then had no work for him, and gave him transportation to Spokane, saying that when they had work they would send for him. While the plaintiff was at Spokane, his foot be-

came in a greatly inflamed condition, which finally resulted in an operation and the removal of a portion of the foot. Thereafter, the plaintiff brought this action for damages. The cause in due time came on for trial before the court and a jury. When the plaintiff had rested his case, the defendent challenged the legal sufficiency of the evidence upon two grounds: First, that the injury to the plaintiff's foot was due to his own neglect of the wound which he received; and second, that the plaintiff was not entitled to recover because he had executed a release of damages. The challenge was sustained by the trial court and the case dismissed; from which judgment the plaintiff appeals.

The first question to be determined is: Did the medical services furnished by the defendant's physician to the plaintiff constitute a consideration for the release? It is apparently a fair inference, though there is no positive evidence to that effect, that the company's physicians, for the services rendered, did not expect compensation from the appellant therefor; neither did he, at the time the services were rendered, or thereafter, consider that he was incurring a personal obligation therefor. The release recited that the consideration therefor was medical and surgical attention furnished by the Spokane, Portland & Seattle Railway Company. If the rendition of these services by the physician and the acceptance of them by the appellant did not create the relation of debtor and creditor between them, then the services would not be a consideration for the release In other words, if they were rendered under such circumstances that a recovery could not have been had for them in an action against the appellant, then they would be insufficient as a consideration.

In 6 Am. & Eng. Ency. Law (2d ed.), p. 693, it is said:

"A person cannot make another his debtor by the rendering of voluntary services, and as such services impose no liability upon the person for whose benefit they are rendered,

they cannot be a consideration for his subsequent promise
to pay for them.

"But on the other hand, from the statement of the rule it
follows that when the thing given or done imposes a liability
upon the promisor, it is a sufficient consideration for his sub-
sequent promise to discharge it."

It was not contended in the trial court, neither is it urged
here, that the evidence fails to make out a *prima facie* case
of negligence on the part of the respondent which produced
the original injury.    When negligence is once established,
the person or corporation being guilty thereof becomes·lia-
ble for the expenses incurred for medical attention and
physician's services.    And on the hypothesis that there was
negligence which produced the original injury, the services
of a physician, being an element of legal liability, would not
be a consideration for the release of damages.

In 24 Am. & Eng. Ency. Law (2d ed.), p. 289, the author
states the rule thus:

"Payment of doctor's fees by the company inflicting the
injuries is no consideration for the employee's release, the
company being liable for expenses which the injuries occa-
sioned."

In *Richmond & D. R. Co. v. Walker*, 92 Ga. 485, 17 S. E.
604, in the syllabus written by the court, it is said:

"Where a railroad company negligently inflicts a personal
injury on one of its employees, and thereupon has him treated
for the injury by the company's surgeon, a payment made by
the company to the surgeon, even at the employee's request,
is no consideration for a release by the employee to the com-
pany for all·damages occasioned by the injury, the company
being liable for expenses of treatment which the injury oc-
casioned."

In the second place, it is urged that the appellant's condi-
tion is due to his own neglect of the original injury, and
therefore he cannot recover.    But this is an argument which
goes to the amount of the recovery, rather than to the right
to recover.    And the neglect of the appellant, if he did neglect

the wound after the injury was inflicted, would not support a judgment of dismissal.

The case will be reversed and remanded for new trial.

MOUNT, ELLIS, MORRIS, and FULLERTON, JJ., concur.