[No. 12326.   Department Two.   December 3, 1915.]

RUFUS N. H. JONES, *a Minor, by his Guardian etc.*,
*Respondent*, v. ENGELBR. WIESE, *Appellant*.[1]

APPEAL—REVIEW—VERDICT.   A verdict upon conflicting evidence is conclusive, where the questions of fact were properly submitted to the jury.

MUNICIPAL CORPORATIONS—STREETS — CROSSING ACCIDENTS — CONTRIBUTORY NEGLIGENCE.   A boy fifteen years of age, struck by an automobile, when a few feet from the curb while attempting to cross a street at a crowded corner in the business district of Seattle, is guilty of contributory negligence, as a matter of law, precluding any recovery for his injuries, where he started to cross the street, taking two or three steps, without looking for the approach of vehicles or paying the slightest heed to his surroundings.

Appeal from a judgment of the superior court for King county, Smith, J., entered March 3, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile.   Reversed.

*Wright, Kelleher & Caldwell*, for appellant.
*Longfellow & Fitzpatrick*, for respondent.

MORRIS, C. J.—Action to recover damages for personal injuries sustained by plaintiff when struck by defendant's automobile.   Defendant appeals from a verdict of $500 and judgment entered thereon.

The accident happened between five thirty and six o'clock on the evening of March 2, 1912, at the intersection of Second avenue and Union street, in the city of Seattle.   About the time stated, respondent, a minor fifteen years of age, was proceeding south on Second avenue, and attempted to cross Union street at or near the street crossing commonly used by pedestrians.   At about the same time, appellant, in his automobile, turned off Second avenue into Union street, striking

'Reported in 153 Pac. 330.

respondent and inflicting the injuries of which he now complains.

There is some conflict in the evidence as to the rate of speed at which appellant's automobile was proceeding, and, also, whether respondent was crossing the street at the crossing or several feet up Union street from that point. These were questions of fact for the jury, and if properly submitted to them, the verdict is conclusive as to those questions.

Appellant, by appropriate motions below and here, urges that the record conclusively establishes contributory negligence on the part of respondent. This contention must be sustained. Taking respondent's own testimony, it appears that, when he reached the curb on Union street, he stepped into the street without looking up or down the street for the approach of vehicles, or taking other precaution to protect himself, and that he had proceeded two or three steps from the curb when the automobile struck him.

Union street and Second avenue is a busy and crowded corner in the down-town business district of Seattle. When about to attempt a street crossing at such a place where danger is imminent and constant, pedestrians must take some precautions to guard against it. Something must be done to insure safety, and the failure to do so is such negligence as will prevent recovery in case of injury. As was said in *Cole v. Northern Pac. R. Co.*, 82 Wash. 322, 144 Pac. 34:

"It is not necessary to here say what precautions are necessary. It cannot be denied that something must be done to insure safety."

citing cases announcing the rule in similar language.

In addition to the cases there cited, our reports are full of like cases. *Dimuria v. Seattle Transfer Co.*, 50 Wash. 633, 97 Pac. 657, 22 L. R. A. (N. S.) 471; *Minor v. Stevens*, 65 Wash. 423, 118 Pac. 313, 42 L. R. A. (N. S.) 1178; *Borg v. Spokane Toilet Supply Co.*, 50 Wash. 204, 96 Pac. 1037, 19 L. R. A. (N. S.) 160; *Helliesen v. Seattle Elec. Co.*, 56 Wash. 278, 105 Pac. 458; *Slipper v. Seattle Elec. Co.*, 71

Wash. 279, 128 Pac. 233; *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51. If respondent had looked at all, or taken the slightest heed to his surroundings, the sufficiency of his look or act would have been for the jury; but where absolutely no precaution is taken, there is nothing for the jury to consider upon this point, and the law decides against recovery.

Judgment reversed and remanded with instructions to dismiss the action.

ELLIS and MAIN, JJ., concur.