[No. 13485. Department Two. February 14, 1917.]

D. W. SHILLIAM, *Respondent*, v. WILLIAM M. NEWMAN *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS — STREETS — ACCIDENTS AT CROSSINGS— CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The driver of a team, struck by an automobile at a street intersection in the residential district of a city, is not guilty of contributory negligence, as. a matter of law, where there was evidence to the effect that he was driving at a speed of six or seven miles an hour, in a direction which, under a traffic ordinance, gave him the right of way, and was struck by an automobile exceeding the speed limit.

RELEASE—CONSIDERATION — VOLUNTARY PAYMENTS AND SERVICES. In an action for personal injuries sustained by plaintiff when struck by defendant's automobile, a release signed by the plaintiff, in consideration of the payment of plaintiff's hospital bills and bills for repairing his wagon and for defendant's services as a physician in attending the plaintiff, is inadmissible upon a plea of accord and satisfaction, where it appears that payment of the hospital bills and the services of the physician were voluntary, which, with payment for the property, constituted no consideration for a release of damages for the personal injuries.

EVIDENCE—ADMISSIONS—CONSIDERATION FOR RELEASE. In an action for personal injuries, upon a plea of satisfaction and accord, a release which was without consideration would not be admissible because it contained a statement that the accident was purely an accident for which the defendant was in no way responsible.

APPEAL—REVIEW — HARMLESS ERROR — EVIDENCE. Rejection of written evidence of an admission against interest is harmless error, where there was oral evidence of such admission, without contradiction by the plaintiff.

APPEAL—REVIEW—WAIVER OF ERROR. The withdrawal of a motion for a new trial on the ground that there was no ground upon which the verdict should be vacated and that there were no errors in law or otherwise, tends to sustain the judgment.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 4, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action

[1] Reported in 162 Pac. 977.

for personal injuries sustained through a collision with an automobile. Affirmed.

*Skuse & Morrill,* for appellants.

*McCarthy, Edge & Davis (W. G. Boland* of counsel), for respondent.

HOLCOMB, J.—The facts in support of the verdict in this case, relied upon by the respondent and which were resolved by the jury in his favor, are substantially these: On the evening of March 16, 1915, respondent was driving his team southward on Hatch street, in the city of Spokane. While crossing Twenty-fifth avenue, which runs east and west, his wagon was struck by the automobile owned by appellants and driven by appellant William M. Newman, driving eastward on Twenty-fifth avenue at the intersection of Hatch street. Respondent's wagon was smashed, his team ran away, and he suffered severe injuries which necessitated his removal to a hospital, where he was kept for several days and then taken to his home. Another man was with respondent at the time, and both testified that respondent was driving his team southward onto the intersection of Hatch street and Twenty-fifth avenue at the speed of approximately six or seven miles an hour. There was testimony, that appellant approached the intersection from the west at a speed of approximately thirty-five or forty miles an hour; that respondent was driving his team in a careful and prudent manner; that Hatch street is not paved, but Twenty-fifth avenue is paved and affords excellent facility for automobile travel. The provisions of a traffic ordinance of the city of Spokane were pleaded and proven as follows:

"Sec. 8. Horse-drawn vehicles shall have the right-of-way over power-driven vehicles, street cars excepted. Vehicles going in a northerly or southerly direction shall have the right-of-way, except where traffic officers are stationed."

"Sec. 18. No vehicle shall travel at a speed faster than fifteen (15) miles an hour when inside of the fire limits, nor

faster than twenty (20) miles an hour when outside the fire limits." Ordinance, Spokane, No. C1832.

It is admitted that the place where the accident occurred is not a place where traffic officers are stationed, and there was evidence that the place was a residential and not a business section of the city. There are no complaints on the part of appellants as to the submission or refusal of any instructions to the jury, except the refusal of an instruction to find for the defendants.

Appellants contended that respondent was guilty of contributory negligence, and relied chiefly upon the decision of this court in *Jones v. Wiese*, 88 Wash. 356, 153 Pac. 330. That case cannot be considered as parallel. In that case the injury occurred at a crowded street crossing in the city of Seattle, and Judge Morris, in speaking of the duty of pedestrians at street crossings, said:

"When about to attempt a street crossing at such a place where danger is imminent and constant, pedestrians must take some precautions to guard against it. Something must be done to insure safety, and the failure to do so is such negligence as will prevent recovery in case of injury."

In the case at bar, the injury did not occur in the congested part of the city where traffic is heavy and continuous, but in a purely residential portion of the city upon streets not heavily traveled. Respondent was driving a team, and was driving in a direction which, under the ordinance, gave him the right of way. In such case, there rested a greater duty upon appellants than upon respondent to avoid a collision and injury. The evidence is somewhat in conflict, but we do not find any condition in the evidence that would justify us in holding, as a matter of law, that the respondent neglected anything which it was his duty to perform, so as to render him guilty of contributory negligence. *Johnson v. Johnson*, 85 Wash. 18, 147 Pac. 649.

Another claim of error by appellants is that the trial court excluded from the jury an instrument, signed by respondent,

in the nature of an accord and satisfaction, which was pleaded
and attempted to be proven by appellants. It was shown that
this instrument, which was admitted to have been signed by
respondent, was in the nature of a release, and was in consid-
eration of the payment by appellants of the hospital bills, the
bill for repairing the wagon, and for physician's services by
appellant William M. Newman, who is a physician, to the re-
spondent. This court held in *Kennedy v. Spokane, Portland
& Seattle R. Co.*, 73 Wash. 389, 132 Pac. 50, 46 L. R. A. (N.
S.) 419, that the furnishing of medical services by an em-
ployer to an employee, for injuries received by the employee
through the employer's negligence, constitutes no considera-
tion for a release of the damages for the personal injuries re-
ceived by the employee. This case is similar, in that the pay-
ment of the hospital bills and the furnishing of physician's
services were voluntary so far as respondent is concerned, and
there was no relation of debtor and creditor established be-
tween them. The injuries to the respondent's property would
fall within the same class. The payment of these claims,
therefore, would not constitute consideration for a release
from personal injuries done to respondent if appellant was
negligent, and that was a question to be determined by the
jury. If not negligent, then, of course, no liability was
created and no release was necessary.

It is contended, also, by appellants that the instrument in
question contained a statement, over the signature of re-
spondent, which declared that the collision was purely an
accident for which the appellant William M. Newman was
in no way responsible. Such a clause was not involved in
the *Kennedy* case; but as to that, if there was no consider-
ation for an agreement of release, there was no considera-
tion for an agreement that there was no responsibility or
liability on the part of appellants. Furthermore, there was
oral evidence on the part of both appellants and respondent
as to alleged declarations, made by respondent when he was
in the hospital and afterwards, that there was no liability

attaching to appellants, and contradiction thereof by respondent. Thus, the prior declaration against interest, if any, on the part of respondent went to the jury upon the oral evidence, and the rejection of the written declaration cannot be held to prejudice appellants.

We feel somewhat sustained in our position by the fact that, after judgment, appellants moved for a new trial, but, before the motion was heard, they moved for leave to withdraw that motion, in the following language:

"Now appear the above named defendants and move the court for leave to withdraw their motion made herein to vacate the verdict heretofore rendered and for a new trial, upon the ground and for the reason that after further consideration of the premises, the defendants have concluded that they have no grounds upon which the verdict should be vacated and a new trial granted, and that there are no errors either in law or otherwise in said action."

With the above statement we must agree, and the judgment is affirmed.

Fullerton, Mount, Morris, and Webster, JJ., concur.