EVA ELLIOTT *vs.* FRANCES J. O'ROURKE.

MARCH 23, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1)    Master and Servant.    Automobiles.*

X, while making a social call at the house of defendant, was requested by defendant to take her for a drive in her automobile. X agreed to do so if he could obtain his father's permission, whereupon defendant told him that he could take the automobile for that purpose. He did so, and while on the way back an accident occurred.

*Held,* that the trip was necessarily preliminary to the ride which defendant desired, and was for her benefit, and X was acting as the servant of defendant.

*(2)    Contributory Negligence.*

Where plaintiff, who was on the side of the track from which passengers were expected to board a street car, before leaving the curbstone looked in both directions and saw no vehicle and heard no warning, and was unaware of the presence of the automobile until it struck her, and had lowered her umbrella in preparation for stepping upon the car, which was almost beside her, she was not guilty of contributory negligence as a matter of law, and any question of contributory negligence was one for the jury.

TRESPASS ON THE CASE.   Heard on exceptions of defendant and overruled.

VINCENT, J.   This is an action of trespass on the case for negligence brought to recover damages for personal injuries alleged to have been sustained by the plaintiff by being struck by the defendant's automobile.   The accident happened on Broad Street in the city of Providence. The plaintiff was standing in the street waiting for an approaching car.   She had come from the easterly side of Broad Street and was about to take a car on the easterly track which was proceeding in a northerly direction or toward the center of the city.  While standing in this position she was run down by the defendant's automobile. At the time of the accident the automobile was being operated by one Sydney A. McMillan, who was its sole occupant.   The plaintiff testified that before stepping off the curbing she looked in both directions but saw no automobile; that it was raining, but she had taken down her umbrella, being about to board the car; that she received no warning of the approach of the automobile and was not aware of its proximity until it struck her.

The jury returned a verdict for the plaintiff and assessed damages in the sum of of $500.   The defendant's motion for a new trial was denied by the trial court. The defendant's bill of exceptions alleges two errors on the part of the trial court: (1) The denial of her motion to direct a verdict in her favor on the ground that the operator of the automobile was not in the employ of the defendant at the time of the accident, but was engaged on an independent mission; and (2) the denial of the defendant's motion for a new trial.

McMillan was a student in the Technical High School; he held a chauffeur's license and had been accustomed, for some time, to drive his father's automobile.   Mrs. O'Rourke, the defendant, considered him to be a careful

driver and he had driven her automobile on several occasions prior to the day of the accident. For these services he received no compensation. They were rendered in a spirit of friendly accommodation, he being on terms of sociability with the family. On the day of the accident McMillan called at the defendant's home in the early evening and was requested by her to take her for a drive in the automobile which was then standing at the door. McMillan expressed his willingness to comply with the defendant's request provided that he could first go home and inform his father and obtain his consent, whereupon the defendant told him that he could, if he wished, take the automobile for that purpose. He took the automobile and it was on the way back from his father's house that the accident occurred.

(1)    The defendant contends that these facts show that McMillan was engaged upon an independent and personal mission and not as the servant or agent of the defendant, and therefore it was error on the part of the trial court to deny her motion to direct a verdict in her favor.

We cannot accept this contention of the defendant. She suggested and offered to McMillan the use of her automobile for the purpose of seeing his father and obtaining his consent without which he would have been unable to render her the assistance and service which she desired. Not only did McMillan make use of the defendant's automobile at her suggestion and with her approval, but the trip in its purpose was, under the circumstances, necessarily preliminary to the ride which the defendant desired and proposed to take. It was for her benefit, and in that respect widely differs from cases where a chauffeur, for his own purposes, deviates from his route or extends his trip beyond the point required in the discharge of his duty to his employer.

The defendant cites two cases which support the proposition that the owner of a horse and carriage or the owner

of an automobile is not responsible for damages arising from the carelessness of a borrower who is using the same for his own purposes. *Herlihy* v. *Smith,* 116 Mass. 265, and *Cunningham* v. *Castle,* 127 N. Y. App. Div. 580. Our conclusion being that McMillan was not a borrower but was acting as the servant or agent of the defendant and for her benefit, these cases are not applicable to the case before us.

(2)  The defendant states in her brief that there are but two questions which she desires to press. One of these questions we have already discussed. The other question is, " Was the plaintiff, on her own statement, clearly guilty of contributory negligence? " We assume, from the form in which the question is presented, that the defendant means, was the plaintiff guilty of contributory negligence as a matter of law? We do not think that she was. She testifies that before leaving the curbstone she looked in both directions and saw no vehicle approaching and that she heard no warning and was unaware of the presence of the automobile until it struck her. She was on the side of the track from which passengers were expected to board the cars and she had lowered her umbrella in preparation for stepping upon the car which was almost beside her.

Upon this question the defendant cites the case of *Dimuria* v. *Seattle Transfer Co.,* 50 Wash. 633. In that case the plaintiff held an umbrella over his head in such a position as to prevent his seeing an approaching team, and in that manner attempted to cross the street without looking in either direction before or after he started to cross. The facts differ materially from those of the case before us.

If there was any question of contributory negligence in the case at bar, it was a question for the jury. The jury have rendered a verdict for the plaintiff which has

been approved by the trial court and we see no reason for disturbing it.

The defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*Edward H. Ziegler,* for plaintiff.
*Cushing, Carroll & McCartin,* for defendant.