[No. 20567.  Department One.  September 30, 1927.]

JOSEPHINE MOSELEY, *Respondent,* v. B. L. MILLS *et al.,*
*Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (383)—PEDESTRIAN CROSSING STREET—
CONTRIBUTORY NEGLIGENCE.  A pedestrian, crossing a street, is
guilty of contributory negligence, as a matter of law, where,
after reaching the curb, twenty-three feet from the paved por-
tion of the street, she looked and saw an approaching auto about
a block away, and then proceeded to cross, without again look-
ing when she had reached the edge of the pavement, to which
all auto traffic was confined on the other side of the center of
the street.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered December 11, 1926,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries to a
pedestrian crossing a street. Reversed.

*Reynolds, Ballinger & Hutson,* for appellants.
*John F. Dore* and *F. C. Reagan,* for respondent.

ASKREN, J.—This action was brought to recover for
personal injuries sustained by plaintiff when she was
struck by an automobile stage. From a verdict in her
favor and judgment entered thereon, the defendants
have appealed.

The principal question urged upon appeal is: Was
the respondent guilty of contributory negligence as a
matter of law?

The accident occurred about 6:30 on the evening of
December 21, 1925, at the southwest corner of 80th
street and 5th avenue in the city of Seattle. 80th
street runs east and west, and 5th avenue runs north
and south. 5th avenue is approximately forty-one

[1]Reported in 259 Pac. 715.

feet wide with only the westerly seventeen feet thereof paved. Respondent approached 5th avenue from 80th street on the east, walking on the southerly side of the street. Arriving at 5th avenue, she looked down the street to the south and saw no approaching vehicles. She then looked up the street to the north and saw a machine "about a block away, or a little more than a block away, on top of the hill." She knew that only the paved portion of the street was used for traffic. She then proceeded across the street without taking any further notice. When she reached a point about two steps from the curb on the westerly side of the street, she was struck by appellants' stage which had failed, according to her evidence, to sound any warning.

[1] It is the contention of appellants that respondent was guilty of contributory negligence, in failing to observe the state of traffic before entering upon the paved portion of the street, while respondent contends that, having looked when she reached the curb, a distance of twenty-three feet from the pavement, she took such precaution as the law requires of one in her situation.

The precise question has never before been presented to us for adjudication, but we think the correct answer may safely be deduced from our previous decisions.

We have held several times directly, and many times by inference, that a pedestrian, upon stepping from the curb onto a traveled street, is bound to take notice of the condition of traffic and cannot blindly step into a place of obvious danger.

The case of *Jones v. Wiese*, 88 Wash. 356, 153 Pac. 330, succinctly states the rule in this regard. There, a minor attempted to cross a busy street in Seattle, and was struck by an automobile. He failed to look before

entering the street and we held that he was guilty of contributory negligence. We there said:

"Union street and Second avenue is a busy and crowded corner in the down-town business district of Seattle. When about to attempt a street crossing at such a place where danger is imminent and constant, pedestrians must take some precautions to guard against it. Something must be done to insure safety, and the failure to do so is such negligence as will prevent recovery in case of injury. As was said in *Cole v. Northern Pac. R. Co.*, 82 Wash. 322, 144 Pac. 34:

" 'It is not necessary to here say what precautions are necessary. It cannot be denied that something must be done to insure safety.' [citing cases announcing the rule in similar language]

"In addition to the cases there cited, our reports are full of like cases. *Dimuria v. Seattle Transfer Co.*, 50 Wash. 633, 97 Pac. 657, 22 L. R. A. (N. S.) 471; *Minor v. Stevens*, 65 Wash. 423, 118 Pac. 313, 42 L. R. A. (N. S.) 1178; *Borg v. Spokane Toilet Supply Co.*, 50 Wash. 204, 96 Pac. 1037, 19 L. R. A. (N. S.) 160; *Helliesen v. Seattle Elec. Co.*, 56 Wash. 278, 105 Pac. 458; *Slipper v. Seattle Elec. Co.*, 71 Wash. 279, 128 Pac. 233; *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51. If respondent had looked at all, or taken the slightest heed to his surroundings, the sufficiency of his look or act would have been for the jury; but where absolutely no precaution is taken, there is nothing for the jury to consider upon this point, and the law decides against recovery."

We have also held that a pedestrian is not required to continuously observe the state of traffic, while crossing a street, but that, if observation is made before entering the street, the failure to look the second time, while crossing the thoroughfare, is not negligence as a matter of law, but is a question for the jury to determine. *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892; *Chase v. Seattle Taxicab & Transfer Co.*, 78 Wash. 537, 139 Pac. 499; *Johnson v. Johnson*, 85 Wash.

18, 147 Pac. 649; *Olsen v. Peerless Laundry,* 111 Wash. 660, 191 Pac. 756; *Jensen v. Culbert,* 134 Wash. 599, 236 Pac. 101; *Woodbury v. Hoquiam Water Co.,* 138 Wash. 254, 244 Pac. 565.

In *Olsen v. Peerless Laundry, supra,* we stated the rule as follows:

"We have, time and again, said that one must, before undertaking to cross a street, look for approaching vehicles, but whether, after so doing and while making the crossing, he must again look or continue to look, depends on many circumstances and conditions; such as the amount of traffic; the probability of there being approaching vehicles; whether the statutes or ordinances give him the right of way; whether other objects or things have attracted his attention. Manifestly this is a question for the jury."

It is said by respondent that, having looked at the curb or street crossing, she comes within the rule of the cases just cited, and that her failure to look again was for the jury. But we do not think that the point of entering the street-crossing can, under the conditions shown here, be meant to mean the point at which the respondent was about to step onto the unpaved portion of the street. Unused as it was for traffic, it did not, as far as dangers went, represent any portion of the street to which notice was really required. The point at which the danger began was at the moment of entering the paved portion of the street. In other words, the respondent traversed twenty-three feet, in which were no dangers to the ordinary pedestrian, and then entered upon the seventeen foot strip of known used thoroughfare, fraught with possible dangers, with full knowledge of the approaching machine, and without the slightest precaution, evidenced by even a glance up the street; trusting, evidently, to the observation she had given upon entering the unpaved strip. This certainly was negligence upon which rea-

sonable minds cannot differ, and that it contributed to the injury is also clear.

If we should hold that respondent performed the duty resting upon her, then every pedestrian may look at a point, distant from the curb more than the width of the street he is about to cross, and still be freed from the charge of negligence. To do this would free pedestrians from almost all duty, for a look taken at such a place is, as common experience teaches us, of little practical value. It must be remembered that the respondent knew the car was approaching, and was charged with knowledge of its presence upon the highway which she was soon to start across.

We do not hold that the pedestrian must look at the precise moment when stepping from the curb, but that the look must be taken at such a time and place as would reasonably be of some benefit in protecting the pedestrian and giving knowledge of the condition of the traffic. In the present case, it would take the respondent one-third longer to traverse the unpaved portion than it would the paved, assuming that the same rate of speed was maintained. We think it clear that this was negligence which contributed to the injury.

Judgment reversed, with instructions to dismiss the action.

MACKINTOSH, C. J., MITCHELL, and FRENCH, JJ., concur.